Sewall, J.
Against a promissory note sued by an endorsee, the *130 maker and promisor defends himself by an attempt to prove it a usurious contract; and the defence is urged by his counsel, upon the authority of the case of Lowe & Al. vs. Waller, to be sufficiently maintained by the facts admitted in the case at bar.
In the case cited, the defendant, the accepter of a bill of exchange, defended himself upon proof of a usurious contract, in which the bill originated, and the defence prevailed against the second endorsees, who had paid a valuable consideration for the bill, and received it without any notice of the usury. Other cases and decisions were cited in the argument, in which the principles of that decision have been invariably recognized.
*Let us examine the ground of the decision; for.as an
objection of an unlawful consideration, which defeats a negotiable security in the hands of an innocent party, and for the benefit of a party to the illegal contract, the defence is almost singular in its nature and operation. And it will be perceived that it is the result of a positive rule, a provision of the statute of usury, that a contract to secure the payment of usury is not voidable only, but absolutely and from the beginning void, and therefore to be treated as if it never had any existence. The policy of this rule, in its operation upon other rules, such as the principles which have been adopted to secure the currency of negotiable notes, is not to be inquired into, when a case is found to be within the rule, the construction of which has been ascertained by a series of decisions.
Lord Mansfield was governed, in the case of Lowe vs. Waller, by the authority of previous decisions upon the statute of gaming; in which the same words, employed by the legislature, had received the same construction, when the plea or defence was resorted to against a gaming contract, although negotiable in its form, and demanded by an innocent endorsee. But it will be perceived, in all the decisions cited, that the defence prevailed, where the security or contract containing the usurious interest was to be enforced; where, if the defence was not admitted, the party sued would be compelled to pay usurious interest by the form and tenor of the written promise, either as containing an amount of usury added to the sum loaned, or discounted from the note in giving it, or in some other mode of evasion, attempted against the provisions of the statute of usury. And the analogy stated between the statutes of usury and the statutes of gaming, as affording a rule of construction in this respect, expresses very definitely this restricted ground of the decisions. The law will not enforce a contract in itself unlawful, where the performance insisted on is unlawful, whoever may become the party in point of form, capable of enforcing the contract and however innocent he may be.
*131 * Is the case at bar within this rule thus explained ? [ * 124 ] Watts gave the note in question in discharge of a balance, amounting to 500 dollars, remaining due to Lancaster, upon a note formerly given to him. That note was given for 875 dollars; but neither of these notes secured or included any payment of unlawful interest; at least, there is no pretence that the note now in suit includes any. For, if any unlawful interest was included in the former - note, that amount had been paid and received, and was wholly deducted, when this note was given.
For receiving unlawful interest the law punishes the party charge able with it by a penalty specially provided in that case; and, as a further provision against usury, no obligation, in any form containing a contract which secures the payment of usurious interest, is recoverable, or can be enforced.
But the two cases are not to be confounded. A contract which secures unlawful interest does not expose the party who considers himself entitled by it, if the usury is never received; and, on the other hand, an obligation, made to secure a lawful contract, containing no promise, agreement, discount, or subterfuge for usury, a1 though usury may have been received upon it, is not thereby defeated.
The ground of decision in the case at bar may be illustrated by supposing the note of 875 dollars to have been the note endorsed, and to have contained a remnant of usury, from the usurious additions made to the sum borrowed upon the note preceding that. If the present plaintiff had demanded payment after the endorsement to him, and the defendant had thereupon paid 375 dollars, and given his note to the plaintiff for the balance, could he, when that note was sued, object the usury lurking in the note taken up and discharged ? It is clear that he could not. The case of Cuthbert vs. Haley, cited at the bar, is like the case supposed, and the decision is in point. There the defence of usury, in bills of exchange discounted for usurious interest, against a bond given to ,
an innocent endorsee for the amount due *upon the [*125] bills, was rejected as inadmissible. Indeed, that case is stronger than the case supposed; for the bond included the usury, although innocently taken by the obligee. And the case at bar, if it differs from the case cited and supposed in any material circumstance, is still further removed from the taint of usury, considered as a demand between an innocent endorsee and the maker. The defendant is to be called, (a)

Defendant defaulted.

*132 ADDITIONAL NOTE.
[It is held in Maine, that when an original contract is usurious, any subsequent one, made to carry it into effect and obtain its fruits, is also usurious. — Lowell vs Johnson, 2 Shepl. 240. — (Dyer vs. Lincoln, 11 Verm. 300. — Marchant vs. Dodgin, 2 M. & S. 633.)
But see Edgell vs. Stanford, 6 Verm. 551. — Dunbar vs. Wood, 6 Verm. 653.— M' Clure vs. Williams, 7 Verm 210.— The Fulton, &c., vs. Benedict, 1 Hall, 480.
See Andrews vs. Pond, 13 Pet. 65. — Tilford vs. Sumner, 2 Yerg. 255.
If the payee or indorsee of a valid note surrender it to the maker, as in part the consideration of a new one, which is afterwards avoided for usury ; he may recovei from the maker the amount of the first note. — Ramsdell vs Soule, 12 Pick. 126
F H.]

 [Vide Thomson vs. Woodbridge, 8 Mass. Rep. 256.— Sed vide Bridge vs. Hubbard, 15 Mass. Reps 95. — The principle established by the best authorities is, thzv *132 where parties, who have contracted and acted upon a usurious engagement, state an account and agree upon the sum which would be due for principal and legal interest, after deducting all that has been paid beyond legal interest, and a fresh promise ia made to pay that sum, such promise is free from the original usury, and is perfectly valid in law. — Barnes vs. Hedley, 2 Taunt. 184. — Wright vs. Wheeler, 1 Camp. 165, n. — Gray vs. Fowler, 1 H. Bl. 462. — But a security given in lieu of a former security, which was tainted with usury, is void, unless in the second security a deduction is made of all sums paid usuriously under the former security.— Wicks vs. Goguly, 2 Car. & Paine, 397. — 1 Ry. Moo. 123. — Reston vs. Jackson, 2 Stark. 237. — Pickering vs. Banks, Forrest, 72. — Sound, on Pl. and Ev. 898. — It is not easy to reconcile the decision in the text with the principle above stated. — Ed.]