## JOSEPH L. WILLIE vs. EZRA GREEN.

*A.* loaned *B.* $500 upon a usurious contract. After the money had been loaned several years, the interest was cast at 12 per cent. and added to the principal, and $200 in cash was paid, and the residue of the principal and interest, cast as aforesaid was paid in negotiable notes of a third person. It was held that the illegal interest might be recovered back by *B.* in an action for money had and received.

A contract to pay more than six per cent. for past forbearance is illegal.

THIS was an action of assumpsit for $200 money had and received by the defendant to the plaintiff's use. The cause was tried here at February term, 1820, upon the general issue, when it appeared in evidence, that on the 25th February, 1813, the defendant loaned to the plaintiff $500, for which the defendant received a note of hand signed by the plaintiff and one *David Willie*, the payment of which was secured by mortgage of a tract of land belonging to the plaintiff. At the time of this loan, it was agreed between the parties that the plaintiff should pay the defendant interest upon the $500, at the rate of 12 per cent. until the same should be repaid. In the year 1818, the defendant commenced actions on the note, and on the mortgage, and obtained judgment in both suits against the present plaintiff. On the 22d June, 1819, the defendant, having his executions upon the judgments, went to the plaintiff to procure payment. *Willie*, not having money to pay the debt and costs, which then amounted to $669 73, it was agreed between the parties and one *John Reynolds*, that *Reynolds* should purchase the land which had been mortgaged by the plaintiff to the defendant, and pay the defendant $200 in cash, and give him negotiable notes for the residue of the sum due to him from the plaintiff. When this agreement was made, *Green* insisted that interest should be allowed to him according to the first contract, and it was cast accordingly, and found to amount with the debt and costs to about $913. *Green*, however, agreed to take $900. The land was conveyed to *Reynolds*, who paid the defendant $200, and gave him negotiable notes for the residue of the $900, and these were received by *Green* in satisfaction of his claims upon *Willie*.— The present action was brought to recover back the interest thus received by *Green* above six per cent., and a nonsuit

Willie
*vs.*
Green.

was ordered to be entered, subject to the opinion of the court upon the above facts.

*Eastman* and *Ichabod Bartlett,* for the plaintiff.

*Hodgdon* and *Mason,* for the defendant.

WOODBURY, J.    It is, in this case, said by the defendant, that only a *qui tam* action lies to recover back what has been paid as usury.    The contrary, however, has been often settled; and as an adherence to those decisions can seldom operate inequitably, I feel no disposition to attempt to shake them.    *Cowp.* 200, 792.—*Douglas* 472, *Lowrie vs. Burdieu ;* 696 *note, Smith vs. Broomly.*—*Cases in term of Ld. Hk.* 38, *Bosanquet vs. Dashwood.*—1 *Pow. C.* 204, 5.—11 *Mass. Rep.* 376.—12 *ditto* 34.—1 *Salk.* 32, *Tompkins vs. Barrett.*

It is further contended, that if any payment has been made in this case, it was made on the judgment and not on the original contract; and therefore, the evidence varies from the specification.

But though the original contract had passed into judgment before the excessive interest was in any manner secured or paid, yet it was secured or paid in pursuance of the original contract, and in consequence of the forbearance upon it. There is, then, no essential variance.

Under this head, the defendant also insists, that as the excessive interest was neither secured in the original written contract, nor paid in advance, it must be deemed a gratuity or such voluntary reward, after the pressure in respect to the loan was over, as not to amount to usury.

But if more than six per cent. be not secured in the written contract, it is contrary to law, in pursuance of a verbal agreement, to receive more on account of forbearance.    It exposes the receiver to a penalty ;(1) though the written

(1) 1 Saund. 294, Ferral vs. Shoer.

contract may not thereby be void.    *Th. Ray.* 197, *Rex vs. Allen.*—8 *Mass. Rep.* 256.

It is against the policy as well as express provision of our statute for any person to " take, accept, or receive," over

(2) 1 N. H. Laws 286.

six per cent. for the loan of money,(2) and it is deemed no

less penal to recieve it after, than to reserve or secure it at the time of the loan.(1)

(1) Doug. 698, note.—1 Saund. 295, a. note.

A remaining and an important objection on the part of the defendant is, that no payment of excessive interest in this case has ever been made.

Only a portion of the debt to *Green* was paid in money ; the residue was secured by notes of a third person, and those notes have never been discharged.

It therefore follows, that, as the money actually paid was not paid towards the interest alone, the plaintiff cannot recover, unless the receipt of the notes must under all the circumstances of the case be deemed a payment on the part of *Willie*, and a receipt on the part of *Green* of money or money's worth. 3 *Wils.* 250.—1 *East* 195, *Wade vs. Wilson.* —2 *Wm. Bl.* 792.—*Doug.* 237, *Fiske vs. Peasly.*—7 *D. & E.* 194, *Madock vs. Hamatt et al.*—5 *Mass. Rep.* 59.—6 *ditto* 53. —8 *ditto* 135.—12 *ditto* 237.

This is not an action for goods, cattle, or notes, but for money had and received. Consequently something must have been received by the plaintiff, under such circumstances, as between him and the defendant, to be deemed money. (2) Yet the article received need not in fact be money itself. Though not coin, which is by law a tender, nor other coin not a tender, nor current bank bills ; still the receiver is estopped to deny that the article received was money, if, by agreement he actually received it as money.

(2) 1 Hen. Bl. 288, Barber vs. Parker.

Thus, in a loan of money, a gold tooth pick, estimated at a certain price, and forming a part of the sum, is to be deemed money itself. 1 *Hen. Bl.* 288.

So the bills of a private bank deposited and received as money are deemed money itself. 13 *East* 20, *Pickard vs. Bankes.*

So negotiable notes and money, all to a certain amount, if received as money for illegal insurance, can to that amount be recovered back as money had and received. *Cow.* 200, *Clark vs. Shee et al.*

Any thing received as payment and which amounts to payment, is in respect to the party receiving it deemed mon-

Willie
*vs.*
Green.

ey itself. Thus it is in respect to an attorney, who discharges the debt of his principal and receives land or other articles in his own right.–11 *John.* 464, *Beardsley et al. vs. Root.*–3 *Mass. Rep.* 403, *Floyd vs. Day.*–2 *Ld. Ray.* 928, *Ward vs. Evans.*

The transaction between these parties amounted to a receipt from the plaintiff by the defendant of *R.'s* notes in payment of the plaintiff's debt. 3 *D. & E.* 80, *Tatlock vs. Harris.*

Under one aspect, it is a receipt of money from the plaintiff, and a re-loan of the same sum to the signer of the new note, on the signer's own security. 1 *East* 195, *Wade vs. Wilson.*–3 *B. & P.* 343, *Manners vs. Postan.*–4 *Es. Ca.* 241, *S. C.*–2 *Barn. & Ald.* 48.

Under another aspect, it is not a receipt of money, but of a negotiable note signed by a third person to the defendant, and by the defendant agreed to be received as payment of the plaintiff's debt. But this is equally a payment. 1 *N. H. Rep.* 281, *Wight vs. Crock. W. Company.*–11 *John.* 464, 518.–8 *ditto* 205.–3 *East* 169.–5 *Es. Ca.* 1.–5 *Mass. Rep.* 299.

It has been held, that the person, who executes such a note for another, can recover of him so much money paid and expended. 11 *John.* 518, *Witherby vs. Mann.*–2 *Es. Ca.* 571, *Proctor vs. Gooch.*–5 *Mass. Rep.* 302, *Thatcher et al. vs. Dinsmoor.*

(1) Vid. ante,
& 3 East 251,
Drake et al. vs.
Mitchell.

This depends on the force of the agreement and the nature of negotiable securities, for without such agreement a note would not be payment ;(1) nor would a bond executed by a third person enable him to sustain an action for money paid. 2 *Barn. & Ald.* 51, *Boduchan vs. Purcass.*–8 *John.* 202, *Cumming et al. vs. Hackley.*–3 *East* 169, *Taylor vs. Higgins.*

As between these parties, then, more than legal interest was paid by the plaintiff and received by the defendant. It was so paid and received, as between them to be deemed a payment in money, and consequently the plaintiff is entitled to recover back in this form of action all the excessive interest.

On a new trial, if it appear, that any part of the sum over legal interest was paid to the defendant as a discount on the new notes received, as a reward for actual trouble, or as a mere gratuity, independent of any prior agreement made under a necessitous pressure, such part cannot be recovered back.

RICHARDSON, C. J. It is contended on the part of the defendant, that this action is not supported by the evidence, because it does not appear that the defendant has received the contents of the notes given by *Reynolds*; that this being an action for money had and received, it can be supported only by evidence proving the actual receipt of the money by the defendant. This objection seems to us to rest upon too narrow a view of the grounds upon which this action may be maintained.

The plaintiff, in order to discharge the defendant's claim of $900, sold and conveyed to *Reynolds*, land of the value of $900; and the defendant agreed to receive and did receive $200 in money, and negotiable notes to the amount of $700 in satisfaction of his said claim against the plaintiff. The plaintiff has then in fact paid, and the defendant has in fact received, what must be deemed equivalent to $900. Why, then, for the purpose of sustaining this action, may not that sum be considered as money in the defendant's hands? If, upon the facts proved in this case, the plaintiff would be entitled to recover any thing, in any form of action; we are not aware that any form of action could be adopted, in which any thing but money could be recovered. He can maintain no action for the land with which he has parted, nor for the notes which the defendant received of *Reynolds*. The present form of action does not then change the land or the notes into money to the prejudice of the defendant. This action is as favorable to the defendant as any that could be adopted. Nothing can be recovered but what is in equity and good conscience due to the plaintiff. In a special action on the case, which is the only other form of action which has occurred to us as applicable to the plaintiff's case, all the facts must be particularly stated. But that form of action would

43

Willie
vs.
Green.

give the defendant no particular advantage in that respect, because by our practice he is entitled in the present action to a specification, if he desires it, of all the facts upon which the plaintiff rests his case. If then the defendant has received of the plaintiff more than was legally due to him, and more than in equity and good conscience he ought to retain, although it was not received in money, yet it does not seem to us that any injustice will be done him by considering it as money in this case, if what he received was in fact money's worth. We should therefore, have overruled this objection without hesitation, even if no authorities had been found to warrant us in so doing. But authorities are not wanting on this point. In the case of *Pickard vs. Bankes*,(1) the plaintiff had laid a wager with a third person, who offered ten guineas to one upon the event, and the defendant was the stakeholder. The plaintiff won the wager; notwithstanding which the defendant paid over the ten guineas to the other party, the original staker, whereupon the plaintiff brought an action for money had and received. At the trial it appeared that the deposit had been in Hull bank notes, payable to bearer, and the question was whether they could be considered as money? Lord Ellenborough said, " Provin-" cial notes were certainly not money, but if the defendant " received them as ten guineas in money, and all parties " agreed to treat them as such at the time, he should not turn " round and say they were only paper and not money. As " against him, it was so much money received by him." In the case of *Floyd vs. Day*,(2) *Day* being employed by the plaintiff to collect a demand which the plaintiff had against a third person, received a promissory note endorsed to himself specially in payment, and gave a discharge. The court were of opinion that *Day* became immediately liable to the plaintiff for the amount of the liquidated damages, as for so much money received to her use.

In *Beardsley vs. Root*,(3) the case was this : *Root*, an attorney, having purchased land sold by the sheriff on his client's execution, and taken a deed from the sheriff to himself, discharged the execution. It was held by the court that the

(1) 13 East 20.

(2) 3 Mass. Rep. 403.

(3) 11 John. 464.

client might recover of the attorney the amount of the execution in an action for money had and received. These cases seem to us to be very strongly in point, and we are clearly of opinion that this objection cannot prevail.

It is also objected by the defendant, that this action is not maintained by the evidence, because whatever was received more than lawful interest was received in pursuance of a new contract to pay for past forbearance, and not in pursuance of the original corrupt contract; and a contract to pay for past forbearance is not within the intent of the statute. The words of the statute are, " That no person or persons, upon any con-" tract which shall be made, shall take either directly or in-" directly for the loan of any money, &c. above the value of " six pounds for the use and forbearance of one hundred " pounds for a year."(1)　A taking of more than lawful interest upon a contract relating to past forbearance is clearly within the words of the statute, and in our opinion is as clearly within the intent and meaning of it. If the present is an instance of a taking upon a contract to pay for past forbearance, it is clear that such a contract may be as oppressive as any contract that can be made, and being within the mischief the statute was intended to prevent, must be construed to be within the statute. 4 *Burr.* 2253, *Abrahams vs. Bunn.*—*T. Ray.* 196, *Rex vs. Allen.*—*Cowp.* 114, *Floyer vs. Edwards.*—1 *Saund.* 295, *note* 1.

(1) 1 N. H. Laws 286.

But I am inclined to the opinion, that whatever was received by the defendant above the rate of legal interest, was, in fact, received in pursuance of the original corrupt agreement, or in pursuance of a new corrupt agreement to give further day of payment of the $700, which was to be secured by the notes of *Reynolds*, and, in either point of view, it was most clearly illegally received.

That whatever has been illegally taken by the defendant may be recovered by the plaintiff, in this form of action, has not been seriously contested; indeed the law on the subject is too clear to be disputed. *Cowp.* 792, *Browning vs. Morris.* —3 *East* 378, *Williams vs. Hedley.* We are therefore of opinion that the nonsuit must be set aside, and the cause stand for trial.