GRAFTON, NOVEMBER TERM, 1821.

### LIFE YOUNG *vs.* CYRUS BERKLEY.

In an action between the endorsee and the maker of a note, if it appear that the endorsee is a *bona fide* holder of the note without notice, the maker cannot be permitted to set up usury as a defence.

ASSUMPSIT upon a note of hand for $200, made by the defendant and payable to *John Young*, and by him endorsed to the plaintiff.

The cause was tried here at May term, 1821, upon the general issue. The plaintiff having proved the making and endorsement of the note, the defendant proposed to prove,

Young
*vs.*
Berkley.

that $28 80, part of the sum mentioned in the note, was illegal interest reserved upon the residue of the $200, and it was contended by his counsel, that the plaintiff was entitled to recover only $171 20, and interest.   But it appearing that the note was *bona fide* endorsed to the plaintiff before it was discredited, the court rejected the evidence, and a verdict was taken for the plaintiff, subject to the opinion of the court upon the admissibility of the evidence thus rejected.

*Bell,* for the plaintiff.

*Goodall,* for the defendant.

WOODBURY, J.   The question to be decided in this case is, whether a note of hand can in this state be impeached in the hands of a *bona fide* endorsee, on the ground that the consideration of the note was illegal interest?

It is well settled, that, when a contract or assurance is declared by statute to be void, it must be considered as void even in the hands of an innocent endorsee, who has given a valuable consideration for it.   *Chitty on Bills* 70.—2 *Strange* 1156, *Boyer vs. Bampton.*—*Doug.* 736, *Lowe vs. Waller.*— 5 *Mass. Rep.* 286, *Bayley vs. Tabor.*

But at common law, a note in the hands of an innocent endorsee, is not affected by any illegality in the consideration.   4 *Mass. Rep.* 370, *Ayer vs. Hutchins.*—1 *N. H. Rep.* 254, *Perkins vs. Challis.*—1 *East* 92.—8 *D. & E.* 390, *Cuthbert vs. Haley.*—*Chitty on Bills* 67—72.

Our statute of February 12, 1791, declares, " that no per- " son or persons, upon any contract, &c. shall take either " directly or indirectly for the loan of any money, &c. above " the value of six pounds for the use and forbearance of " one hundred pounds for a year."(1)   This statute has made the taking of any rate of interest above that mentioned in the act illegal ; and if this suit were between the original parties to the note, the defendant would be entitled to avail himself of the evidence he offered  and to have the illegal interest, if there be any, deducted.   But the statute has not declared that the contract or assurance shall be void on this account ; and the defendant is not entitled to set up

(1) 1 N. H. Laws 286.

Young
vs.
Berkley.

usury as a defence to any part of the note, after it has passed into the hands of an innocent endorsee without notice. We are therefore of opinion, that there be

*Judgment on the verdict.*