## ABNER FORBES *vs.* SAMUEL MARSH, jun.

In a suit upon a promissory note between the maker and an endorsee, a plea of usury will be rejected, if the endorsee will make oath that the note was *bona fide* transferred to him, before due, for a good consideration, without notice of any usury in the note.
But, in such a case, the plaintiff must not demur.

THIS was an action of assumpsit upon a promissory note, made by the defendant, for $600, dated April 1, 1822, payable to one *James Powers* in one year, and by him endorsed to the plaintiff.

The defendant filed a plea, in which he alleged, that, in pursuance of a corrupt agreement between him and the payee, more than lawful interest had been reserved in and by the note ; and he prayed a deduction of three times the

<div style="margin-left:2em">

Forbes
*vs.*
Marsh.

</div>

amount of the sum thus unlawfully reserved, from the sum, that might be found lawfully due, and offered to verify his plea by his own oath, in pursuance of the statute.

To this plea the plaintiff demurred ; and the defendant joined in demurrer.

*Leland,* for the plaintiff.

*Upham,* for the defendant.

*By the court.*——We have decided, that in an action between the endorsee and the maker of a note, if it appear, that the note has been *bona fide* transferred to the endorsee, without notice of the usury, the maker cannot set up usury as a defence. 2 *N. H. Rep.* 410, *Young vs. Berkley.* We are aware, that this principle, when it becomes generally known, may be used by usurers to evade the statute. This however er may be easily prevented, by throwing upon the endorsee, when a plea of usury is offered, the burthen of shewing, that the note has been *bona fide* transferred, before due, for an adequate consideration. This may be done by his affidavit. If he will, under oath, state, that the note was *bona fide* transferred to him, before due, for a full consideration, and not to evade the statute, the plea must be rejected. But otherwise it is to be received. We are not aware, that this course will have any greater tendency to introduce perjury, than the provision in the statute, which authorizes the payee to clear himself of the usury by his own oath.

The demurrer, in this case, is not well taken. But the plaintiff may withdraw the demurrer, and shew, if he can, that the plea ought not to be received.