French
*v.*
Shackford.

JOSEPH C. PLUMMER *versus* SAMUEL DRAKE.

In assumpsit by the endorsee against the maker of a note, if the defendant concludes a plea of usury with an offer to verify it by his own oath, the plea is bad, unless it contains an allegation that the payee of the note is alive.

ASSUMPSIT upon a note for $162,84, dated February 25, 1824, made by the defendant and payable to Abraham Tilton, or order, on demand with interest, and by Tilton endorsed to the plaintiff.

The defendant pleaded in bar, that on the 25th February, 1824, there was due from him to the said Tilton the sum of $112, 55, and that it was corruptly agreed between the defendant and Tilton, that the defendant should pay to Tilton for said sum of $112,55, so due, and for forbearing and giving day of payment thereof, the sum of $162,84, with interest for the same, until paid ; and that the said note was given by the defendant and received by the said Tilton in pursuance of said corrupt agreement, and for no other cause ; and that said Tilton, by said note for giving day of payment of said sum of $112 55, took, received, and secured the sum of $50,29, more than six per cent., contrary to the form of the statute, which the defendant offered to verify by his oath.

Plummer
*v.*
Drake.

To this plea there was a general demurrer and joinder in demurrer.

*Bell* and *Osgood*, for the plaintiff, objected, that the plea was insufficient, because it was not alleged, that Tilton, the endorser of the note, was alive.

*Mason* and *Lawrence*, for the defendant.

*By the court.* It has long been settled in this state, that in a suit upon a note in the name of an endorsee against the maker, the latter may conclude a plea of usury with an offer to verify it by his own oath ; and that the endorsee may reply that there has been no illegal interest secured or taken, and conclude with an offer to verify the replication by the oath of the payee. But by the express letter of the statute, a defendant can, in these cases, verify his plea by his own oath, only when the payee of the note is alive. When the suit is in the name of the payee it appears by the record that the payee is alive. But when the suit is in the name of an endorsee it cannot appear, that the payee is alive without an averment of the fact, and we are of opinion that the plea in this case must be adjudged insufficient for the want of such an averment.