## JOHN STEELE and Wife *versus* STEPHEN FRANKLIN.

When a note, by which unlawful interest is secured, is taken up and a new note given to the administrator of the original payee, for its contents, the new note is subject, under the statute, to a deduction, on account of the usury in the first note.

ASSUMPSIT on a note made by the defendant, and payable to Mrs. Steele, when sole, dated January 7, 1824, for $81,36, on demand with interest.

Plea, usury.

The cause was tried here, at October Term, 1830, when it appeared that Mrs. Steele was the administratrix of the estate of her late husband, Jonathan Hammond ; that the defendant, on the 7th January, 1822, gave Hammond a note for $65,62, in which unlawful interest to the amount of $12,23, was included, for part forbearance for part of the sum mentioned in the note ; that the note now in suit was given to Mrs. Steele, as administratrix as aforesaid, for the said note given to Hammond, and interest thereon, at the rate of twelve per cent. per an-

num, so that Mrs. Steele secured by this note $7,87 above <span style="float:right">Steele et ux.<br>*v.*<br>Franklin.</span> lawful interest, for forbearance of the sum mentioned in the said other note. But it did not appear that she was aware that any unlawful interest was reserved in the note given to Hammond as aforesaid.

The court being of opinion that the defendant was not, under the circumstances, entitled to any deduction on account of the usury reserved in the first note, directed a verdict in favour of the plaintiff for the sum due upon the note, after deducting $23,61, being three times the amount of the unlawful interest reserved by Mrs. Steele in this note. But the verdict was taken subject to the opinion of the court, whether, upon the above facts, the defendant was entitled to any further deduction.

*Wilson & Walker*, for the plaintiff.

*Joel Parker*, for the defendant.

*By the Court.* There must be a new trial in this case. When a note, given upon a usurious contract, has been transferred to a third person for a valuable consideration, without notice of the usury, and has been taken up, and a new note given to such third person for the amount of the first note, no deduction can be claimed in a suit on the new note, on account of usury in the first note. Ord, 103, 'a ; 8 D. & E. 390, *Cuthbert* v. *Haley* ; 10 Johns. 185, *Jackson* v. *Henry* ; 4 Espin. N. P. C. 21, *Turner* v. *Hulme* ; 2 N. H. Rep. 410, *Young* v. *Berkley* ; 9 Mass. Rep. 45 *Bearce* v. *Barstow*.

But when a note, by which unlawful interest is secured, is taken up, and a new note given to one who was a party to the usury, or to his executor or administrator, for the contents of the first note, no doubt is entertained that the new note is subject to a deduction on account of the usury in the first note.

Ord, 103, a ; D. & E. 531, *Tate* v. *Wellings* ; 8 Cowen, 669, *Powell* v. *Waters* ; 1 Green. 167, *Warren* v. *Crabtree* ; 10 Mass. Rep. 121, *Chadburne* v. *Watts* ; 2 Starkie's N. P. C. 237, *Preston* v. *Jackson*.

In this case the illegal interest in the first note is transferred to this note. A mere change of the security is not regarded. 3 N. H. Rep. 185, *Gibson* v. *Stearns.*

*Verdict set aside and a new trial granted.*