##### IN THE

## SUPERIOR COURT OF JUDICATURE,

##### FOR THE

### COUNTY OF COOS, JULY TERM,

##### A. D. 1836.

---

## LITTLE *vs.* WHITE.

In a suit by an indorsee of a promissory note, if the defendant offers to verify a plea of usury by his own oath, it should contain an averment that the payee of the note is alive.

A plea of usury ought to state the amount of the usury received, or secured.

An administrator, who has given his promissory note for a sum due from his intestate, and including certain unlawful interest which the intestate had agreed to pay, cannot, in a suit upon the note, sustain a plea of usury on account of the unlawful interest so agreed to be paid by the intestate, and included in it.

ASSUMPSIT, upon a promissory note, dated December 25, 1829, indorsed to the plaintiff.

The defendant pleaded, that on the 23d of May, 1812, three individuals named, were indebted to the payee, in a certain sum, for which they gave their promissory note, and corruptly agreed with him to pay twelve per cent. interest—that on the 6th of March, 1815, they paid a certain amount, and that the note was indorsed down to a sum specified—that at the same time a further corrupt agreement was made, for the payment of unlawful interest, at the rate of nine per cent.—that on the 15th of January, 1818, one of the promissors deceased, and the defendant was appointed administrator of his estate—that he, on the 9th of March, 1821, settled with the payee, and gave his own note for the sum

due, and for the unlawful interest so agreed to be paid, amounting in the whole to a certain sum—that on the 25th of April, 1826, this note was computed at six per cent., compound interest, and taken up, and cancelled; at which time part of the amount was paid, and a new note was given, including a further sum due from him to the payee—that this last note was, on the 25th of December, 1829, cast at the same rate, and cancelled, and the note in suit given, in lieu thereof—that the payee presented the note to him for payment, within one year next preceding the commencement of this suit—and that the same was not then indorsed; all which he offered to verify by his own oath. Wherefore he prayed judgment, &c.

To this plea the plaintiff demurred.

*Wilson*, for the plaintiff.

*J. Smith*, for the defendant.

GREEN, J. There are several objections to this plea. The suit is by an indorsee, and the defendant has offered to verify his plea by his own oath, but the plea contains no allegation that the payee of the note is alive. This was held to be a fatal objection, 5 *N. H. Rep.* 151, *Plumer* vs. *Drake; ditto* 324, 556, *S. C.*

Nor does the plea state the amount of the unlawful interest secured, or received. This might perhaps be ascertained by a computation of the interest from May 23, 1812, to March 6, 1815, and again from that date to March 9, 1821, when the defendant first gave his note; but, regularly, the plea should have stated the amount. 3 *N. H. Rep.* 118, *Copeland* vs. *Jones;* 6 *N. H. Rep.* 518, *Olcott* vs. *Alden.*

The plea states that the original contract was by three persons, to pay unlawful interest, and that they paid a certain sum; upon which the note was indorsed as paid, with the exception of a certain amount, and a further contract

made with the three for the payment of unlawful interest—that the defendant, afterwards, as administrator of one of the three, gave his note, including the unlawful interest. It may well admit of question whether the intestate, had he thus settled the first note, and given his note for the amount, could have availed himself of the usury paid by the three on the 6th of March, 1815. It would have been paid, it is true, on a contract, out of which his note had arisen, but as only a part would have been paid by himself, it is not clear that he would have been entitled to claim, personally, on his new note, a deduction of three times the amount paid by the three. But it is not necessary to settle this.

There is still another objection, which is, that the defendant is not entitled to make a defence on the personal promise now in suit against him, by reason of usury which he saw fit to pay as administrator, many years since, although this note has arisen from the note of the intestate, on which that payment was made. The defendant has no cause of complaint, nor is there any good reason why he should avail himself of the statute of usury. He was not a party to any contract for forbearance at an illegal rate of interest. On the contrary, it appears from the plea, that since he gave his note for the debt due from his intestate, no more than six per cent. has been taken. The intestate had paid some usury, and contracted to pay more, and the defendant, when he, as administrator, settled the debt against the intestate, saw fit to recognize that contract, and gave his note for the amount of the unlawful interest, as well as the principal. Whether he was authorized so to do, as administrator, is not now in question. He settled it as administrator, and for aught which appears he has long since had the full sum for which he gave his note allowed to him, as a payment on account of the estate. Such is the presumption. He stands, therefore, in a similar situation to that of one who has given his note for usury contracted to be paid by another, having received a full consideration for the note so given, and this

furnishes no ground upon which to sustain a defence. 9 *Mass. Rep.* 45, *Bearce* vs. *Barstow ;* 4 *Esp. Rep.* 11, *Turner* vs. *Hulme ;* 15 *Mass.* 101, *Bridge* vs. *Hubbard, per Jackson, J.*

The defendant is not attempting to set up a defence for the benefit of the estate which he represented, but is asking to avail himself of the payment of usury, upon a contract made by another, for the purpose of obtaining a deduction upon a security made by himself. This he cannot be permitted to do. Had the amount which he allowed to the creditor as usury been disallowed on the settlement of his administration account, he might have shewn that fact in evidence in avoidance of so much of the note he gave, on the ground of a want, or failure, of consideration. But if he has received the full amount for which he gave his note, in the settlement of his administration, he is no more entitled to avail himself of the usury which has been received than he would be in any other case where the creditor had received usury of a third person. In such case it is usury paid by the estate of the intestate, and not by the defendant. This case is entirely different from *Steele* vs. *Franklin,* 5 *N. H. Rep.* 376. If the defendant wished to recover a penalty, he should have brought his action.

*Judgment for the plaintiff.*