Dewey, J.
The case of Butterfield v. Kidder, 8 Pick. 512, is a direct authority to the position, that under St. 1783, c. 55, if a borrower of money gave his promissory note for its repayment, with lawful interest, a verbal agreement, made at the time of giving such note, to pay usurious interest thereon, did not vitiate such note. If usurious interest was not paid under such verbal stipulation, it had no effect; if paid, it subjected the receiver to the penalty or liabilities provided in other cases of the receipt of usurious interest. I am aware that this decision is at variance with the rule adopted in some of our lister States.
Tn the earlier cases of Gardner v. Flagg, and Thompson v. Woodbridge, 8 Mass. 101, 256, it was held that the subsequent receipt of usurious interest upon a contract, where such interest was not originally stipulated for, would not render such contract void, but subjected the party receiving such usurious interest to the penalty provided by the statute. See also Chadbourn v. Watts, 10 Mass. 121, where, in the case of a new note given for the balance of a debt on which usurious interest had been paid, it was held not to be tainted with usury. These cases, however, arose on the former statute regulating interest and the taking of usury; and hence it becomes necessary to consider the question as presented under the Rev. Sts. c. 35. This latter statute has, in some points, very materially changed the law as to the effect of usurious interest being taken or reserved upon contracts. Such contracts are no longer void absolutely, but, for the protection of the borrower, it is provided that in case of an action being brought upon such contract, the debtor shall be entitled to have a deduction therefrom of threefold the amount of the whole interest, and a judgment for his costs ; or, in case of the payment of the note or contract, he may, by an action of debt or bill in equity, recover back threefold the amount of the interest paid.
The note first given by the present defendants, for the loan, *299 did not include any usurious interest. If that note was tainted with usury, it was by the receipt of usurious interest subsequently; and the subsequent payment of eight per cent, for the annual interest, would, if that note had been sued, have presented the question raised upon the construction of Rev. Sts. c. 35, <§> 2; and whether the words, where “ a greater rate of interest has been directly or indirectly reserved, taken or received,” would not embrace the case of subsequent payments of usurious interest, where the same was not actually reserved in the contract, or originally stipulated for; although, under the former statute, such payment of usurious interest would not have vitiated the note. But if the construction of the revised statutes be as the defendants contend, the first note was cancelled. The defendants gave a new note for the original sum borrowed, and in this new note no usury was included, nor has any been paid thereon. The payment of eight per cent, for the loan of ‡ 2500, for the first year, was usurious, and the defendants might have availed themselves of the statute provision to obtain proper redress by action of debt, or bill in equity. But the case presented furnishes no ground to claim a deduction for usurious interest taken or reserved on the present note.