# THE STATE *vs.* TAPPAN.

In an indictment for taking unlawful interest, founded on the act passed February 12, 1791, it is not necessary to aver that there have been no *qui tam* proceedings within the time limited by the act passed January 26, 1790.

If there have been any such proceedings, the fact may be shewn in the defence.

The taking of unlawful interest is an offence against the statute of 1791, which may be punished either by indictment or by a *qui tam* action, but not by both proceedings.

State *v.* Tappan.

*It seems,* that the fact that, in a civil suit upon the usurious contract, the treble deduction provided for by statute had been claimed and allowed, would not be a bar to such an indictment.

It is not necessary to aver in the indictment, that the corrupt agreement was made at the time of the loan.

A contract to pay more than six per cent. for past forbearance is illegal.

It is sufficient to aver in the indictment that the defendant " unlawfully, unjustly, and corruptly, did receive, &c. from &c. a specified sum, by way of corrupt bargain and loan, for the use," &c.; without stating expressly the time or place of the taking, or showing how much of the sum specified was over and above the lawful interest.

INDICTMENT, found at October term, 1843, alleging that the defendant, on the 18th day of July, 1839, lent to one N. E. Sargent the sum of two hundred dollars, and that Sargent, for the security of repayment thereof, with lawful interest for the same, on the same day gave to the defendant a promissory note of that date, signed by himself, one John Smith and one Harvey Bingham, by which note they jointly and severally promised to pay to the defendant, or order, the sum of two hundred dollars, with lawful interest for the same annually; that the defendant afterwards, to wit, on the 18th day of July, 1842, " unlawfully, unjustly, and corruptly, did receive, accept and take of and from the said Nicholas E. Sargent the sum of fifteen dollars, of the money of him, the said Nicholas E. Sargent, and by way of corrupt bargain and loan for the use, forbearance and giving day of payment of the said sum of two hundred dollars, from the 18th day of July, in the year of our Lord one thousand eight hundred and forty-one, until the said 18th day of July, one thousand eight hundred and forty-two, which said sum of fifteen dollars, so as aforesaid received and taken by the said John W. Tappan, for the use, forbearance and giving day of payment of the said sum of two hundred dollars, from the said 18th day of July, in the year of our Lord one thousand eight hundred and forty-one, until the said 18th day of July, in the year of our Lord one thousand eight hundred and forty-two, did exceed and was higher than the rate of six dollars for the loan of one hundred dollars for the year ; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state."

To this indictment the defendant demurred.

*Leland,* for the defendant. The indictment is insufficient; 1. Because it alleges the note and contract were made between Sargent and the defendant on the 18th day of July, 1839, and no corrupt agreement is averred to have been entered into at the time of the contract and execution of the note. But it is said that afterwards, on the 18th day of July, 1842, the defendant did receive, accept, and take of and from Sargent, $15.00, of the money of him, the said Sargent, by way of a corrupt bargain and loan for the use, forbearance and giving day of payment of said sum of $200.00, from July 18, 1841, to July 18, 1842, which did exceed and was above the rate of $6.00 per year.

2. There is no averment of a corrupt bargain with Sargent when the defendant received the $15.00 in July, 1842. It does not aver that it was made between the defendant and Sargent, or any of the signers of the note.

3. It is not averred how much of the $15.00 is over and above the lawful interest.

The statute, § 1, seems to imply if any one shall receive for the loan of any sum of money more than six per cent., the penalty shall accrue; but in section two the penalty does not seem to accrue unless the forbearance is given in pursuance of a corrupt agreement, entered into at the time of making the contract, or on a farther contract for delay. *N. H. Laws (Ed. of 1830,)* 133.

Neither of these are averred in this indictment.

The time and place of taking the usury must be expressly set forth. 2 *Hawk. P. C.* 385, (*Leach's Ed.*) *Usury, S,* 68, 69; *Cowper* 671, *Carlisle* vs. *Trears.*

This is an offence committed before the Revised Statutes, but the bill was found under the Revised Statutes. The old statute, page 75, was general as to all actions, suits, bills or informations on any penal statute; but the Revised Statutes, 429, ch. 25, provides for the prosecution of penalties generally, and then farther provides that where the remedy is otherwise provided for in the act creating such penalty, such remedy shall be pursued; and then the act creating the forfeiture, and pointing out the mode to enforce such forfeiture, is the only remedy.

State *v.* Tappan.

If the remedy for enforcing a penalty is attained by a new statute, such new statute is to govern, if it does not operate injuriously, or affect any rights of the offender.

If a penal statute makes the offence punishable by indictment only, an information will not lie ; and if the statute points out a particular mode to enforce a penalty or forfeiture, that mode and that *only* can be pursued. 15 *Pick.* 231, *Commonwealth* vs. *Howes ;* 7 *Bac. Abr., Usury, I, p.* 208, ( *Wilson's Ed.*)

Unlawful interest, otherwise now called usury, is a statutory offence wholly. It was unknown, as it is now termed, at common law, and the statute which creates the penalty and the remedy must be pursued. 2 *Burr.* 803, 804 ; 7 *Bac. Abr., Usury, B, and I,* 208.

When a statute makes an offence which was in no way prohibited by the common law, and appoints a particular proceeding against the offender, without mentioning an *indictment,* an indictment cannot be maintained, because the mentioning of the other methods of proceeding only seems impliedly to exclude that by an indictment. 3 *Bac. Abr.* 550, *Indictment, E ;* 1 *Strange* 679, *Rex* vs. *Buck ;* 2 *Hawk. P. C. ch.* 25, § 4, *Indictment, notes to Leach's Ed. ;* 1 *Burr.* 543, *Rex* vs. *Wright.*

Our statute on usury gives no remedy by indictment, but it does give a remedy by a *qui tam* suit ; or it may be pleaded to the original contract ; and these are the only remedies pointed out by the statute.

If the doctrine is admissible that it is indictable for the penalty, what shall hinder an indictment, a *qui tam* suit, and a plea of usury, under the statute on the same contract ?

This I apprehend cannot be the law. The penalty cannot be taken but once on the same contract. If once paid, there is an end of it. 2 *Burr.* 803.

And it may not be improper here to remark, that this court, at the last December term, on a plea of usury to this very note put in by Sargent, ordered a deduction of the penalty ; three times the usurious part to be taken from this note ; and now the government exacts another penalty, and what shall hinder a common informer from claiming the penalty again, if this indictment is sustained ?

State *v.* Tappan.

" It is laid down as a rule, that a defendant shall not be amerced twice in the same action, for that would be to punish him twice for the same offence." 3 *Bac. Abr.* 6, 179, (*Wilson's Ed.*,) *Fines and Amercements, C.*

*Burke*, Solicitor, for the State.

PARKER, C. J.   In the first section in the statute of February 12, 1791, to restrain the taking of unlawful interest, it is enacted, that every person who shall upon any contract take and receive, by way or means of any corrupt bargain, loan, exchange, &c. for the forbearing or giving day of payment for one whole year, of and for their money, &c. above the sum of six pounds for the forbearance of one hundred pounds for a year, and so after that rate for a greater or less sum, or for a longer or shorter time, shall forfeit and lose, for every such offence, three times the sum above the lawful interest so taken ; one moiety to the use of the prosecutor and the other moiety to the use of the county.   1 *N. H. Laws* 134.

No mode is prescribed in the act for the recovery of this penalty, unless it should be held that the provision in the second section, for the deduction of three times the amount of the sum unlawfully taken from the sum found lawfully due, in an action upon the contract, was intended as one mode of enforcing the penalty given by the first section ; to which there seems to be the insuperable objection, that by such deduction the penalty is not divided between the prosecutor and the county, but goes wholly to the benefit of the party who paid the usury, and who, although he may be said to stand in the light of a prosecutor, by claiming the deduction, is not one in the ordinary sense of that term, but is in truth a defendant, making a defence against the recovery of the money, or a part of it, by the plaintiff.

The act of January 26, 1790, limiting suits on penal statutes, provides that all actions, suits, bills and informations, which shall be brought or commenced for any forfeiture upon any penal statute, the benefit whereof is or shall be by said statute limited in whole or in part to the person who shall inform and prosecute,

shall be brought or commenced by any person that may lawfully pursue the same, within one year from the commission of the offence ; and, in default of such pursuit, then the same shall be brought or prosecuted by the State at any time within two years from the commission of the offence ; and that any indictment for any offence against such statute should be found and prosecuted within two years, limited as aforesaid, &c. 1 *N. H. Laws* 75. A provision to the same effect is incorporated into the *Revised Statutes, ch.* 211, § 8.

This, although a statute of limitations, recognizes an indictment as a proper mode of prosecution in behalf of the State, in order to enforce penalties of that description, where there is no prosecution instituted by an individual. And see 2 *Strange* 816 ; *Ditto* 1234.

Had there been, in the first section of the act of 1791, provisions similar to those in the act of 1790, prescribing the mode of prosecution in cases where usury was taken, and prescribing the limitation, there might have been a question whether, in order to sustain an indictment under the statute, there should not have been an averment that there had not been any suit, &c. by a private prosecutor within the time limited by the act. But as the enactment is in a separate statute, and that statute one of limitation, recognizing the mode of prosecution rather than prescribing it, such an averment seems not to be necessary to the validity of the indictment. If there has been any such prosecution by a private prosecutor, it may be shown in the defence, and the indictment thereby avoided.

The suggestion in the argument, that there has been a deduction in a civil suit upon the contract since the indictment was found, is not supported by the case, and does not seem to furnish a bar, if it had been shown by pleading.

It is not necessary that the corrupt agreement should have been entered into at the time of the contract and execution of the note. A contract to pay more than six per cent. for past forbearance is illegal. 2 *N. H. Rep.* 333, *Willie* vs. *Green.*

The corrupt bargain is sufficiently stated.

The indictment alleges that the defendant unlawfully, unjustly

State *v.* Tappan.

and corruptly did receive, &c. from Sargent the sum of fifteen dollars, by way of corrupt bargain and loan for the use, forbearance, &c. " In pleading an usurious contract by way of bar to an action, you must set forth the whole matter especially, because it lay within your own privity; but in an information on the statute for making such a contract, it is sufficient to set forth the corrupt bargain generally, because matters of this kind are supposed to be privily transacted, and such information may be brought by a stranger." 1 *Hawk. P. C. ch.* 82, § 24.

It was not necessary to aver how much of the fifteen dollars, alleged to have been received, was over and above the lawful interest. The amount can readily be ascertained by computation, and that is sufficient. *Id certum est, &c.*

*Demurrer overruled.*