## Briggs & a. *v.* Sholes.

Where a plea sets up usury received by a prior holder of the note in suit, who indorsed it when over-due, the forfeiture will be incurred unless the plaintiff replies.

Writ of Entry on a mortgage made on the 10th day of April, 1821, to secure the payment of a note for $1150, payable to one Alexander Pickens. The note and mortgage were, on the 5th day of April, 1826, being then overdue, assigned by Pickens to one Cowles; and by him, on the 21st day of December, 1828, to James H. Bingham. Bingham, on the 5th day of December, 1839, assigned the same to Tyler, Eastman and Dutton, who on the 10th day of February, 1841, assigned them to the plaintiffs.

The plea stated, in substance, that while the note and mortgage remained in the hands of Bingham, the defendant, in pursuance of an unlawful agreement between himself and Bingham, and for a usurious consideration, paid him $548.48, over and above the legal rate of interest; and the plea prayed for a deduction of three times the amount so paid.

The plaintiff exhibited the affidavit of Bingham, who resided without the limits of the State of New-Hampshire, in which he denied that any greater sum than $75.31 had been paid to him usuriously upon the note at the time when he assigned it to Tyler, Eastman and Dutton.

Other affidavits were filed, and the plaintiffs submitted a motion that the plea be rejected, as to all but the sum of $75.31, admitted by the affidavit.

*E. L. Cushing*, for the plaintiffs.

*T. Leland*, for the defendant.

Gilchrist, J. The statute on the subject of usury is express, in requiring the deduction demanded by the plea

to which the defendant swears, or offers to swear, "unless
the creditor will swear that he has not, directly or indi-
rectly, willingly taken or received more than after the rate
of six per cent per annum," &c. N. H. Laws 134.

It has been held that this statute was not applicable to
the case in which the plaintiff is a *bonâ fide* holder of the
note in suit, having received it for value before its ma-
turity, and without notice of the usury. In such case
the plea is dismissed, and no replication is required.
*Forbes* v. *Marsh*, 3 N. H. Rep. 119; *Williams* v. *Little*, 11
do. 66.

But such is not the present case. The note and mort-
gage came into the hands of Tyler, Eastman and Dutton
overdue, and therefore subject to the defence set up. The
case therefore falls within the provisions of the statute,
and the plaintiff must reply according to the usual prac-
tice.

*Motion overruled, and leave to reply granted.*