Mr. Chief Justice' ShaRkey
delivered the opinion of the court.
This action was brought on a promissory note which Avas given to Grant for a balance due as the residue of another note, which had been transferred to him by the payee.
One Shaw had sold a plantation and negroes to the Torreys, at an estimated price for the negroes, and also for the land per acre, which amounted in the aggregate to $53,119. The price was to be paid in six instalments, and ten per cent, interest was added to each instalment from the date of the contract, until maturity, it being considered a cash transaction, although no money was paid. Principal and interest amounted to $72,0001
This note was given for a balance on the instalment due in 1842. The original note was $12,000. A payment of $6,000 was first made, and another payment of $4,300, leaving a balance of $1,700, for which this note was given. The defendants set up the usury as a defence, and the questions to be determined arise out of the charges given for the plaintiff, and those asked *96 and refused for defendants. It may be sufficient to notice the charges asked and refused.
The first charge refused was in substance this; that if ten per cent, interest for four years was included in the original note for $12,000, and Grant purchased the note with notice of the usury, or that ten per cent, included in any part thereof was so included, he cannot recover more than the principal due, without interest. And if the jury believe the note sued on was given in renewal, they should deduct from the same the amount of interest that was included in the original note.
The second charge refused was, that if the plaintiff had notice, before he purchased the $12,000 note, of the usurious interest included in the note, he is not entitled to recover, although one of the makers may have told him he had no offset against it.
Anri third, that the defendants were not precluded by any admissions made in relation to offsets against the original note, unless the promise was distinct and positive, and the plaintiff was misled thereby.
The points thus raised may be resolved*into two questions.
First, was this a usurious contract; and second, if so, can the defence be made against the plaintiff, who yas an assignee with notice.
It has been insisted, that these notes were not usurious, that the price in cash was $53,000, but the price on credit was $72,000. The case cited from 2 Johnson’s cases was similar to this, but the judges were equally divided on the question of usury. It is a question of intention. In this case there can be no doubt but what the additional sum was intended as interest. The witness says it was considered as a cash transaction, in order to justify, as the parties supposed, the taking of ten per cent. The slaves were valued and purchased at $1,000 each, and the land at $22.25 per acre, and ten per cent, per annum was added as interest, for the time the notes had to run, and not as a part of the purchase-money. The statute provides, that no person shall take, directly or indirectly, for any contract, bond, or note for the payment of money, founded on any bargain, sale, or loan of wares and merchandise, goods and chat *97 tels, lands and tenements, or any use or occupation thereof, more than eight dollars for the forbearance or giving day of payment of $100 for one year, &c. This statute evidently reaches the case, according to the understanding and object of the parties in making the contract. The statute would become a dead letter if it could he thus easily avoided. As the original note was affected by usury, every renewal or change of security must he equally affected. Chitty on Contracts, 237.
In the next place, is this defence available as against the plaintiff. The proof is positive, that he had notice of the usury before he took a transfer of the note. He is not, therefore, an innocent holder. Various letters passed between some of the makers of the note and the plaintiff below. One contained an admission that there was no offset. And subsequent to the purchase, by another letter, terms of payment were proposed. And on this ground an effort is made to get rid of the illegal consideration. The principle is a familiar' one, that when the maker of a note induces a third person to purchase it, he thereby waives his defence; otherwise it would be a deception on the purchaser. But in this class of cases, it will be found that the indorsee is an innocent person, and took the transfer on the strength of assurances made by the maker, without notice of any illegality in the consideration. Not so in this case, Grant took the note, knowing that it was in part founded on an illegal consideration. He was not deceived in the purchase. The case differs also from one in which a mere failure of consideration has occurred. The maker may waive such failure. This was an illegal consideration, a consideration prohibited by law. No waiver of this defence is binding as to a party who has notice.
In the case of Lomax v. Picot, 2 Randolph, 247, it is true the maker of a note was held bound to an indorsee who had taken the transfer on the assurances of the maker; although the in-dorsee knew what the consideration was, yet he did not know that the consideration had failed. Here the indorsee knew the consideration to have been usurious and therefore illegal. The defence in the case of Chadbourn v. Watts, 10 Mass. R. 121, *98 was usury, and the maker was held liable to an indorsee; but the indorsee was ignorant of the usury.
From these remarks, it will he perceived the court erred. The plaintiff was not entitled to recover anything more than the principal, without interest; the question was fully embraced by the charges asked. If any part of this note is for the principal, the plaintiff is entitled to recover to that amount, but not beyond it.
Judgment reversed and cause remanded.