<div style="margin-left:2em;">Mar. 22,<br>1876.</div>                     OSSIPEE v. GAFNEY.

The selectmen of Ossipee had from time to time borrowed money of the defendant's testator, and had paid for the use of the same unlawful interest. Amongst other loans were two loans—one of $2,000 and the other of $3,000—on which also usury had been paid. A short time before the testator's death, a settlement was had with the selectmen, the interest account adjusted, and a new note for $5,000 given instead of the two old ones. After the testator's death, the selectmen of Ossipee, with a full knowledge of all the facts, paid to the defendant, the executor, who had no knowledge of any infirmity in the note, or of any usurious transactions between the testator and the plaintiffs, the balance due on said note. The plaintiffs claimed to recover of the defendant, *de bonis propriis*, the whole

* SMITH, J., having presided at the trial, did not sit.

amount so usuriously paid as money which ought to have been applied in part payment of the note. *Held*, that, on these facts appearing, a nonsuit was rightly ordered.

FROM CARROLL CIRCUIT COURT.

ASSUMPSIT. The defendant is described as Charles B. Gafney, of Rochester, in our county of Strafford, esquire, administrator of the estate of Moses Merrill, &c.

The declaration is as follows: " In a plea of the case for that the said defendant, at said Ossipee, on the day of the purchase of this writ, being indebted to the plaintiffs in the sum of six thousand dollars, for so much money before that time had and received by the defendant for the plaintiffs' use, in consideration thereof then and there promised the plaintiffs to pay them the same sum on demand ; yet, though often requested, said defendant has not paid the same, but neglects it."

The plaintiffs in their specification claim to recover " the sum of $3,424.10, money of said town wrongfully paid the defendant on the 22d day of September, 1873, by the acting selectmen of said town ; also, to recover another sum of $3,424.10, money of said town, by the defendant had and received by the hand of Thomas Nute, on the 22d day of September, 1873, for the plaintiffs' use."

Plea, the general issue, with a brief statement of the statute of limitations, and that the estate, on the first Tuesday of October, 1872, was decreed to be administered as insolvent. The case was tried by the court.

The plaintiffs claim to recover of the defendant in his private capacity, and not as administrator,—to which the defendant objected ; but the court ruled in favor of the plaintiffs, and the defendant excepted.

The defendant objected to the specification as not being specific, and the court overruled the objection,—to which the defendant excepted. The question of discretion is also reserved.

It appeared that between September 1, 1864, and February 17, 1872, the defendant's testator had loaned money to the town of Ossipee, for which he had received more than legal interest. Being then a resident in Ossipee, he had pretended to act as the agent of his brother, John Merrill, who lived in Maine,—although, in fact, the money belonged to him,— whereby he avoided taxation. December 10, 1864, he lent the town $3,000 ; February 24, he lent the town $2,000. For these sums he took the notes of the town, payable to the order of John Merrill, and by him endorsed in blank. February 17, 1872, there was a settlement between Moses Merrill and the selectmen of Ossipee, of whom Merrill was one, in which the interest account was adjusted, and a new note was given, payable to the order of John Merrill, and by him endorsed in blank for the sum of $5,000, the two last mentioned notes being surrendered.

February 13, 1873, after the death of Moses Merrill, the town treasurer, by the authority of the selectmen, paid to Lois Merrill, executrix

of Moses Merrill's will, the sum of $2,000. September 22, 1873, the treasurer paid the balance of the note to the defendant, the other executor,—which last payment the court found was authorized by the selectmen.

The plaintiffs offered in evidence receipts signed by the said Moses Merrill, by which it appeared, as the plaintiffs claimed, that the sum of $1,106.51 had been received as usury by Moses Merrill in his lifetime, and which, the plaintiffs claimed, ought to have been deducted from the balance of the note paid to the defendant as administrator, and sought to recover this sum as money overpaid to the defendant, and which in equity and good conscience ought to be considered as money had and received to the use of the plaintiffs.

It was not claimed that either the defendant, or his co-executor, Lois Merrill, had ever received any usury, or that the defendant had any knowledge, when he received the payment, of any infirmity in the note by reason of usury ; and it was not denied that he had accounted for the whole sum in the settlement of his account.

The plaintiffs claimed that what money had been paid usuriously on the notes of $2,000 and $3,000 ought to be considered as payment, and to go in reduction of the balance of the $5,000 note, and that the remainder of the usury ought to have been applied in set-off, and so that they were entitled to recover that amount of the defendant in his private capacity, as money paid to him without authority by the selectmen.

Evidence was offered tending to show that the town, by their vote, had authorized the commencement of their action. Exception was taken ; but, in the view taken of the case, it was not material.

Upon the defendant's motion, the plaintiffs were nonsuited ; and the questions arising on the case were transferred to the superior court by SMITH, J.

*Quarles* and *F. Hobbs*, for the plaintiffs.

*Copeland* and *Worcester & Gafney*, for the defendant.

CUSHING, C. J. The plaintiffs claim to recover this money of the executor in his private capacity. The claim is, that he has so conducted himself that he is liable to be sued in his private capacity ; and, if the plaintiffs can recover, execution may be had against him, to be satisfied *de bonis propriis*, and, as the declaration stands, entirely irrespective of the condition of the assets of the estate in his hands.

I understand the effect of the authorities to be, that, whenever a party has knowingly violated the law by taking usurious interest, the money which he has so taken is money which ought, in equity and justice, to be considered as money had and received to the use of the other party. *Willie* v. *Green*, 2 N. H. 333 ; *Cross* v. *Bell*, 34 N. H. 86, and cases cited. It is the doctrine of the cases that always the payment of unlawful interest is the result of oppression, and that always the receipt

of unlawful interest is oppressive. The party so paying is considered as paying under duress, and so not *in pari delicto,* and, therefore, the ordinary rule, that when two parties are engaged in violating the law the law will leave them where it finds them, and will not undertake to help either, does not apply.

At a time when the general government was always in the market borrowing money at a largely usurious rate, any party who withheld his money from such safe loan and loaned it to a town was still considered as the oppressor, and the town the oppressed. The oppression is not a matter of fact to be found by the triers of fact, but a mysterious inference of law founded in the policy of the law.

This being so, if the action had been against the estate, or against the executor in his capacity as such, to recover back the money usuriously paid, no notice would have been necessary, excepting such notice and demand as is always required by the statute before commencing an action against an executor. The unlawful act in such case being the unlawful act of the intestate, and of course known to him, the right of action must have accrued in his lifetime, and would not depend upon the executor's knowledge. In such case, the statutory demand must be made before the suit can be maintained. In this case, the estate having been settled in the insolvent course, the claim, not having been presented before the commissioners as appeared by the pleadings, would be barred, and in this state of facts the attempt is made to recover the amount of the executor *de bonis propriis.*

It being conceded that neither the defendant nor his co-executor had any knowledge of any infirmity in the note, or of any usurious transactions between the testator and the plaintiffs, and the note being *prima facie* good, and one which the selectmen were authorized to pay, and there being no pretence of any mistake or accident, it seems entirely clear that the defendant has been guilty of no violation of law. He had a right to believe the note to be good, and to treat it as such : he had a right to deal with the selectmen as the agents of the town, authorized to settle their just debts : he had a right to receive this money as money belonging to the estate of his testator, and to use it in the settlement of that estate.

If it had been made to appear that he had been notified of the state of facts on which the claim of the town is founded before he had settled the estate and paid over the money, and had had full knowledge of the usurious transactions complained of, some questions might have arisen which do not now arise. But in the existing state of facts, as made apparent by the case, I think this action cannot be maintained, and a nonsuit was rightly ordered.

The objections taken in the course of trial by the defendant, not being necessary for the determination of the case, have not been considered.

LADD, J., concurred.

\* RAND, J., C. C. This is an action to recover of an executor, personally, usury taken by his testator during his lifetime.

December 10, 1864, Moses Merrill, the testator, lent the town of Ossipee $3,000, and took the note of the town for that sum. February 24, he lent the town $2,000 more, and took a note therefor. Interest was paid upon these notes of Moses Merrill, from time to time, at the rate of 8 per cent. February 17, 1872, these two notes were surrendered by Moses Merrill to the town, and he took a new note of that date for $5,000, signed by the selectmen of the town. The defendant and Lois Merrill were the executor and executrix of the will of Moses Merrill. February 13, 1873, the town treasurer, by authority of the selectmen of Ossipee, paid to Lois Merrill $2,000, which was endorsed upon the note, dated February 17, 1872. Sept. 22, 1873, the treasurer paid the balance of said note, amounting to $3,424.10, to the defendant. The money was paid to him as executor of Merrill, " and without any knowledge on his part of any infirmity by reason of usury."

It was not claimed by the plaintiffs that they had paid to the defendant, or to the executrix, Lois Merrill, any money as usury, or any other money than the sums of $2,000 and $3,424.10.

It was claimed by the defendant, and not denied, that he had accounted for the full sum he received in settlement of his account.

It is plain that the defendant has done nothing more than his duty. There comes into his hands, as executor, a note signed by the selectmen of Ossipee. He collected it. There was no usury in it, and he was not aware that any usurious interest had ever been paid on the notes, which went into the consideration of it. To hold that he made himself personally liable in any way would be a conclusion which the court would reach with reluctance, and only in obedience to some rigid principle of law.

It is said that these payments of usurious interest are payments upon the note, and should have been endorsed upon the note. Suppose they might be regarded in that light: it is clear that they might also be regarded as payments of money distinct from the note, to recover which the town would have an action against Moses Merrill, or his estate;—and, if the note and the payments of usurious interest might be offset against each other, can there be any doubt that, after the town had seen fit to pay the note in full, its action would be one to recover back the sums of usurious interest paid to Moses Merrill, and not an action to recover back any portion of a valid note paid to his executor ? *Clark* v. *Phelps*, 6 Met. 296 ; *Butterfield* v. *Kidder*, 8 Pick. 512 ; *Gardner* v. *Flagg*, 8 Mass. 101 ; *Thompson* v. *Woodbridge*, 8 Mass. 256 ; *Chadbourn* v. *Watts*, 10 Mass. 121 ; *Little* v. *White*, 8 N. H. 276.

*Judgment affirmed.*

---

\* SMITH, J., having presided at the circuit, did not sit.