MARY BICKFORD, *administratrix of* JOHN BICKFORD, *vs.*
                    JOSEPH DANIELS.

An administratrix may sustain a writ of entry to foreclose a mortgage to her intes-
    tate.

When writings are offered as evidence of a mortgage, the question whether they
    amount to a mortgage or an absolute conveyance, must be settled on common
    law principles.

A writing of defeazance, never delivered to the grantor in a deed, but deposited
    with a third person to be delivered on a condition, which the grantor never per-
    formed, does not render the deed a mortgage.

    special *non est factum* is an unnecessary plea :—and when the demandant does
    not count on a mortgage, the question, whether his title is or is not by a mortgage,
    can always be raised by a plea or suggestion, alleging that his title is only by
    mortgage, and to this the demandant will demur or join issue.

THIS was a writ of entry.

The demandant counted on the seisin of her intestate as
in fee and in mortgage, by means of a deed from the tenant,
bearing date June 1st, 1804, and a defeazance from the in-
testate of the same date, with a condition, that the deed
should be void on payment of $1083, in three years.

The tenant pleaded the general issue, and, also, specially,
that the defeazance was never executed by the intestate.

At the trial here, Feburary term, A. D. 1819, the deed and
the signature of the defeazance were duly proved;—but the
subscribing witness to the defeazance farther testified, that
the defeazance had never been in possession of the ten-
ant, and, by express agreement of the parties, never was to
be delivered to the tenant, unless he performed its condition.

Both parties wished that if the money was not paid at the
time stipulated, the deed should not become a mortgage ; and
hence the intestate deposited the defeazance with the witness
till the expiration of three years ; when, the money not hav-
ing been paid, the defeazance was returned to the intestate's
representative.

On this evidence a verdict was taken for the tenant, subject
to further advisement.

*W. K. Atkinson, E. Smith, & Sullivan,* counsel for the de-
mandant.

*Mason & J. Smith,* for the tenant.

WOODBURY, J.* The demandant, counting as administra-
trix, cannot recover the land in dispute, unless her title to it
is founded on a mortgage to her intestate.

---

* Richardson, Chief-Justice, having been of counsel, did not sit.

Bickford
*vs.*
Daniels.

(1) 2 Vent.
20.—4 Coke
95.—2 Es. Di.
144.—1 Mass.
Rep. 204.—
4 ditto 358.

Because the title to the real estate of intestates vests in their heirs and not in their personal representatives; and hence, as a general rule, all actions concerning such estate must be instituted in the name of the heirs.(1)

To this rule the only exceptions, which occur to us, are actions brought after a license from some court to sell the real estate, and actions brought to foreclose mortgages.

It is now unnecessary to decide, whether the first supposed exception actually exist, as the demandant does not claim under it; though some have thought it to exist from the necessity of the case, and by implication from our statutes.(2)

(2) 1 N. H.
Laws 211, 217,
219, 227, 230.–
3 Mass. Rep.
258, Dean *vs.*
Dean.

The second exception, however, is material, as the demandant does claim under it; and, in our opinion, it actually exists as a consequence from the established principle, that money due on mortgages belongs, not, in the first instance, to the heirs, but to the personal representatives of the mortgagee. *Co. Litt.* 208 *note.*—3 *Woodeson* 79.—4 *Reeve's His. E. L.* 435.—1 *Chitt. Pl.* 56, 87.—*Cowp.* 371, *note.*—1 *Saund.* 216, *a.*—*Burr.* 978.—7 *Mass. Rep.* 317.—4 *Mass. Rep.* 354, *Drinkwater vs. Drinkwater, Ad.*—5 *ditto* 240, *Willard vs. Mason, Adx.*

If the demandant, then, has proved a mortgage to her intestate, she is entitled to recover; while, on the contrary, if the facts in the case show only an absolute conveyance to her intestate, his heirs and not the demandant should have instituted this suit.

The question, whether the transaction did or did not amount to a mortgage, we are earnestly entreated by the demandant to settle upon chancery principles; but we possess no powers as a court of equity, except those conferred by express statute;(3) and concerning mortgages, our power as a court of equity does not begin, until the conveyance in question is first ascertained to be a mortgage. Thus it is only, " where the forfeiture" " of any estate granted upon " condition executed by deed of mortgage or bargain and " sale with defeazance, shall be found by verdict of a jury, " or by default or confession of the" mortgagor, that " the

(3) 1 N. H.
Rep. 39, 161,
Lund *vs.* Lund.

" justices of the superior court" are " empowered to chan-
" cer such forfeiture.(1)

(1) 1 N. H. Laws 63.

After the remarks of this court in *Lund vs. Lund,* we
should have added no further illustration, argument or au-
thority on the present point, had it not been discovered that
former decisions in this state were somewhat different.

But the practice and decisions must have been inadvertent,
which would permit a court of common law to sit in chance-
ry to settle a question, which must be settled or agreed before
they are empowered to apply any chancery principles to the
case.

It must first be settled at common law that there is a mort-
gage and a breach, or, in other words, a forfeiture. Then,
and not till then, we are empowered to adopt equitable prin-
ciples and " chancer such forfeiture."

It is clearly to be inferred from numerous cases in Mas-
sachusetts, where their statute resembles ours, that the ques-
tion concerning the character of the conveyance is always
decided before the hearing in chancery ;(2) and in *Kelleran
vs. Brown,* (4 *Mass. Rep.* 445) *Parsons, Ch. J.,* expressly
observes, " what shall be deemed an instrument of defeaz-
" ance must still be determined upon the principles of the
" common law."

(2) 2 Mass.
Rep. 493.—4
ditto 444.—5
ditto 116.—8
ditto 159.—12
ditto 456.

The tenant has professed great embarrassment as to the
mode in which this question is to be raised at common law.

But when the demandant counts on a mortgage, as in this
case, the mortgage may be admitted by default, or denied
by the general issue ; and when he does not count on it, the
tenant, after default or verdict, may plead in bar, or, as we
usually term it, file a suggestion, against any other judgment
than one as of mortgage, averring that the title of the de-
mandant is only by a mortgage. This the demandant may
admit by a demurrer, or deny by taking issue on the facts
averred ; and in the latter case, the issue can be tried by a
jury, and the question settled with perfect facility on com-
mon law principles.

In the present action, as the defeazance is set out in the
writ, the question concerning the character of the convey-

Bickford
*vs.*
Daniels.

ance arises equally well under the general issue, and under the special *non est factum.* For, under the general issue, the demandant must prove a delivery of the defeazance, or she will not support her allegation, that the intestate was seized " in mortgage."

This allegation, too, is here material ; because we have before shown, that she cannot recover upon his seisin, unless it were " in mortgage ;" and " any matter of defence, " which denies what the plaintiff would, under the general " issue, be bound to prove in the first instance in support of " his action, may and ought to be given in evidence under " that plea."(1)

(1) 1 Chitt.
Pl. 497.—
4 Es. Ca. 255,
Stayles vs.
Pearson.*

Hence, it becomes unnecessary to consider an objection which has been suggested to the form of the second plea.

(2) 1 Chitt.
Pl. 479.—11
Coke 28.—6
Mod. 217.

But the form is not without precedent ;(2) though a special *non est factum* is now held to be in all cases useless. 4 *Maul & Selw.* 339, *Thompson vs. Rock.*

Whether the conveyance in this case is to be considered absolute or a mortgage, depends altogether on the effect of the defeazance. The defeazance was perfect in every respect, except its delivery ; and, being a deed, a delivery of it is essential to its operation. This delivery may be, either to the opposite party, or to a third person for him ; and when to a third person, may be either absolute, or on a condition precedent to be performed by the opposite party before the delivery over is to take effect.(3)

(3) 1 N. H.
Rep. 357, Can-
ning vs. Pink-
ham, & auth.
there cited.—
4 Cranch 219.

When a deed is, in this last manner, deposited with a third person, it has no operation till the condition be performed. It is an escrow. 8 *John.* 520, *Catlin vs. Jackson.*—1 *Inst.* 36, *a.*—*Shep. To.* 56 *to* 59.—3 *Coke* 35, *b.*—*Plowd.* 344.— *Perk. Convey.* 142.

(4) Co. Litt.
218, *a.*—10
John. 27, 359.
—1 John. Ca.
125.—7 Mass.
Rep. 413.—6
D & E. 719.—
3 Cranch 42,
note.

Thus, the general rule in all conditions precedent is, that nothing vests till the condition be performed.(4) And it is a solecism to say a deed has been *delivered* to an individual, when he never has had either the actual possession, or a right to the actual possession of it.

---

* 19 John. Rep. 300.

But there was no other delivery in the present case. The defeazance was lodged with a third person under an express condition, that it should not be delivered to the tenant, unless a specified sum of money was paid within three years. The money was not paid; the defeazance, therefore, was not delivered over, and ought not to have been delivered; the conveyance from the tenant remains, as at first, absolute; and consequently the demandant, in her capacity of administratrix, cannot recover.

*Judgment on the verdict.*

---

### ESTHER CURRIER *vs.* JOHN CURRIER.

When no place is mentioned for the performance of an obligation, it must, as a general principle, be performed to the obligee in person.

But if the things to be delivered are cumbersome, or the nature of the contract indicates a particular place of performance, this general principle does not apply.

Collateral circumstances may be considered, to ascertain the place intended by the parties

A readiness to deliver the articles at the proper place, and due notice thereof, exonerate the obligor.

This was debt on a bond to the plaintiff and her husband jointly and severally.

Her husband, *Jacob Currier*, had since deceased.

The defendant craved oyer of the condition, which being had, it appeared, that in consideration of a conveyance to the defendant by *Jacob Currier* of a tract of land in Chester, the defendant was to pay said *Jacob's* debts, and provide necessary support for him and his wife; or, in failure thereof, was to lease to them, during life, fifty acres of his land in Sandwich, where the defendant resided.

He then pleaded a performance of the condition; to which there was a replication, assigning a breach since the death of her husband.

The rejoinder took issue on this, which being joined, the cause was tried here, in February term, 1819.

It appeared in evidence, that the defendant was a son in law of the plaintiff, and lived in the usual style for a farmer; that, since the date of the bond, in March A. D. 1808, he had not been destitute of room and provisions in his house at

Currier
*vs.*
Currier.

Sandwich, sufficient for the comfortable support of the obligees, and that, in the winter of A. D. 1809, the father removed and continued there till his death, but the mother refused ever to reside with him and remained at Chester with her other connexions.

A verdict was returned for the defendant, subject to further advisement.

*Moody*, for the plaintiff.

*J. Woodman and Emerson*, for the defendant.

WOODBURY, J. The pleadings put in issue only the fulfilment of the bond, after the death of the plaintiff's husband.

That issue has been properly found for the defendant, if he was not obliged to fulfil the bond, either to the plaintiff in person, or at such place as she might appoint. For, otherwise, the house of the defendant appeared to have been a suitable place for her maintenance, and his readiness to support her at such place, would be sufficient without an actual tender of any articles.(1)

(1) 1 Chitt. Pl. 319.—1 East. 203.—7 D. & E. 129.—4 Mass. Rep. 474.

This readiness and notice of it to the plaintiff, in A.D. 1809, were distinctly proved at the trial; and after such an unqualified refusal to remove, as she then gave, it was unnecessary to repeat the invitation since her husband's death.

We feel no disposition to doubt the correctness of the principle, that an obligation, which points out no place of performance, must be fulfilled to the obligee in person, wherever he may chance to be.(2)

(2) Litt. sec. 340.—Com. Di. "Condition," G. 9.

But it is an established exception to this general principle, that when the obligation is not for money, but for articles which are cumbersome, "as an obligation for ten bushels of "wheat," the wheat need not be delivered to the obligee in person, "for that the importableness thereof, shall excuse" the obligor.(3)

(3) 3 Leon. 260, Cheney's case.—4 Leon. 46.

(4) Co. Litt. 210, b.

"And so," says *Coke*, "note a diversity between money "and things ponderous, or of great weight."(4) But he adds, and the doctrine is generally followed in the books, that these things ponderous must still be delivered at such place as the obligee shall appoint.(5) Yet it must be obvious, that this position, in its utmost latitude, cannot be correct without

(5) Co. Litt. 210, b.

destroying all substantial " diversity" between the two species of property ; for the obligee might appoint, as the place of performance, the place where he may chance to be when the obligation becomes due.   Or, what is too unreasonable to be tolerated, he might appoint a place so remote from the residence of the obligor, that the expense of the mere transportation of the articles would exceed the whole price paid for them.

The true rule we apprehend is this, that when the obligation expressly designates no place of performance, and when none can be inferred from facts contained in the obligation, or from other facts, collateral and independent, which may be proved by parol,(1) the obligee may designate any reasonable place for the delivery of the articles.

(1) 3 D. & E. 379.—14 Vez. Jr. 170.—1 Mason 12, Peisch vs. Dickson.—1 Phillips Ev. 441.

But when, from the facts above stated, the place intended by the parties can clearly be inferred, the obligee has no right to appoint a different place.

Thus rent, which, in ancient times, generally consisted of a portion of the produce of the land, might, when no place of payment was expressly named in the lease, be paid or tendered on the land out of which the produce issued.(2)   So a bond to make a feoffment was well fulfilled by a tender of a feoffment on the land to be conveyed ; because " the estate " must pass by livery."(3)

(2) 18 Edw. IV. 2.

(3) 18 Edw. IV. 3.—Vide etiam.—4 John. 285,Thompson vs. Ketcham.

(1) 15 Mass.
Rep. 262,
Wilder vs.
Whittemore.