### JACOB COPELAND *vs.* NEHEMIAH JONES *et a*.

Where a defendant alleges, that more than lawful interest has been reserved, or received, on the contract, on which the suit is founded, and offers to verify his allegations by his oath, he is entitled to the deduction, for which he prays, unless the plaintiff make oath, that no unlawful interest was received or reserved, or that a certain sum, and no more, was unlawfully reserved or secured.

It is not sufficient for the plaintiff to make oath, that the allegations of the defendant are not true.

ASSUMPSIT, upon a promissory note, for $385,68, dated September 24, 1819, made by the defendants, and payable to the plaintiff.

The defendants in their plea admitted, that they made the note, and that there was legally due upon it the sum of $335, 68, and interest upon that sum from the date of the note ; but they prayed, that $150 might be deducted from the sum legally due, because, upon a corrupt agreement made on the 24th September, 1819, at Stoddard, between *Jones* and *Copeland*, fifty dollars, over and above six *per cent.* was reserved and included in said note, for the forbearance of the said sum of $335,68 for one year from the date of the note ; and this they offered to verify by the oath of *Jones.* Whereupon they prayed, that $150, being three times the amount of the illegal interest, might be deducted.

The plaintiff replied, that in and by said note there was not, then and there, reserved and secured to said *Jacob Copeland* the said sum of $50, for forbearing and giving day of payment for the said sum of $335,68, for one year, above the rate of six *per cent.* in manner and form as alleged in the plea ; and this replication he verified by his oath. But the defendants prayed a deduction, notwithstanding the replication.

*Story* and *Upham.* for the plaintiff.

*Heald*, for the defendants.

RICHARDSON, C. J. delivered the opinion of the court.

The defendants, having offered to verify their plea by the oath of *Jones*, are entitled to the deduction, for which they pray ; unless the replication, which the plaintiff has verified

Copeland
*vs.*
Jones et a.

by his oath, is to be deemed such an answer as the statute requires. The question then to be decided is, whether the eplication is a good answer to the plea ? To settle this question, we must examine the statute upon which the plea is founded. This statute is entitled, " an act to restrain the " taking of unlawful interest ;" and in the second section it is enacted, " that when any person or persons shall be sued " on any bond, &c., for the payment of any money, goods, or " personal estate, whereon or whereby any sum is given, " secured, or taken for forbearance, or giving day of pay- " ment, more than lawful interest, &c., then, if the debtor " or debtors, the creditor being alive, shall come into court, " &c., and shall offer to make oath, &c., that there is tak- " en, received, or secured, by such bond, &c., above the rate " of six pounds in the hundred, for the forbearance of the " same, &c., or that the creditor or creditors have received " more than after the rate of six pounds in the hundred, for " the forbearance or loan of any sum of money, or other " personal estate, or thing sued for, *per annum* ; in rendering " judgment upon such bond, &c., the court shall deduct from " the sum lawfully due, &c., a sum equal to three times the " sum above lawful interest, &c., unless the creditor or cre- " ditors will swear. that he, she, or they have not, directly " or indirectly, willingly taken, or received, more than after " the rate of six *per cent. per annum*, for forbearance or giv- " ing day of payment, and that by such bond, &c., there is " not reserved, secured, or taken more than after the rate " of six *per cent.* &c., for forbearance or giving day of pay- " ment, and that by such bond, &c. there is not reserved, " secured, or taken more than after the rate of six *per cent.* " &c., for forbearance or giving day of payment for the mon- " ey, goods, or things sued for or demanded."

A fancied analogy between the pleadings under this statute and the ordinary pleadings in actions, and an attempt to apply to both the same rules, have often been the cause of much embarrassment, both to the bar and the bench. But there is in truth nothing but a fancied analogy. A plea of usury, under the statute, has less resemblance in fact to a plea in bar, than to a declaration, in which a violation of the statute

is alleged, and the penalty demanded. But it is in fact *sui generis*, and has very little resemblance to either. And whatever doubts may be entertained as to the policy of fixing the rate of interest, it seems to us, that if we discard these imaginary analogies, and attend to the language, which the legislature has used, there can be no doubt as to the meaning of the statute.

The substance of the plea is enacted by the statute. If the debtor will offer to swear, that more than six *per cent.* has been reserved or received, this is sufficient to put the creditor to his denial of the usury upon oath. The statute does not require, that the amount of the excess should, for this purpose, be stated ; but it seems to be necessary to state it in the plea, that the court may see what sum is to be deducted, in case the creditor refuses to swear. It is necessary to state, in the plea, that the excess was received upon a corrupt agreement, in order to bring the case within the statute ; but it is not material to set out the corrupt agreement in the plea.

The replication is also, in substance, enacted by the statute. If the debtor will offer to swear, that more than six *per cent.* has been received or reserved, the statute declares the deduction shall be made, unless the creditor will swear, that he has not, directly nor indirectly, received more than six *per cent.* and that there is not more reserved than after that rate. It is not enough, that the creditor swears, that the sum, mentioned in the plea, was not unlawfully received or reserved. He must swear, there was nothing reserved or received unlawfully ; and if he refuse to swear, it will be taken as an admission, that unlawful interest has been reserved or secured. As the law permits the creditor to clear himself by his own oath, he must do it directly, positively, and in the broadest terms.

But, although something may have been reserved or secured unlawfully, yet it may not have been to the amount alleged in the plea ; and it is within the equity of the statute to permit the creditor, in such a case, to state the true sum unlawfully reserved, or received, and make oath, that nothing further was so reserved or received ; and then the sum so

admitted will be taken as the true amount of the unlawful interest.

Such seems to us to be the meaning of this statute ; and the replication in this case, when compared with these rules, will be found to be altogether defective. Nothing could be more evasive. The plaintiff swears, that at a particular time and place, a particular sum was not reserved in the note, above lawful interest, for the forbearance of another particular sum, for a particular time. Now if the time, and place, and precise sum were essential to be alleged in the plea, in order to entitle the defendant to a deduction, such a replication might be well enough. But there is no pretence for this. Whatever is stated in the plea should be stated truly ; but it is not essential, that it should be so stated. A mistake, in stating the circumstances, is not to prejudice the party.

This is a very gross instance of a negative pregnant.— The replication may be in all its parts true ; yet, the sum of $50, may have been unlawfully reserved in the note, and the defendant entitled to the deduction he prays us to make. It would be absurd to permit the law to be evaded by such a departure from the spirit and letter of the statute ; and we have no hesitation in pronouncing the replication to be altogether insufficient.