## JOSEPH C. PLUMER *versus* S. DRAKE.

In assumpsit upon a promissory note by the endorsee against the maker, the defendant pleaded usury reserved in the note upon a corrupt agreement between the maker and the endorser, and offered to verify his plea by his own oath. The plaintiff replied, that the endorser was *non compos mentis*, and offered to verify his replication by his oath—upon demurrer, the replication was held to be sufficient.

ASSUMPSIT upon a promissory note, made by the defendant, dated February 25, 1824, for $162,84, payable to one Abraham Tilton, or his order, and by him endorsed to the plaintiff.

The defendant pleaded in bar, that there was reserved in the note, upon a corrupt agreement between him and the said Tilton, who is still living, unlawful interest, three times the amount of which exceeded the sum lawfully due upon the note, and offered to verify his plea by his oath.

The plaintiff replied, that the said Tilton was *non compos mentis*, which the plaintiff offered to verify by his own oath.

The defendant demurred to the replication, and the plaintiff joined in demurrer.

*Osgood* and *Bartlett*, for the plaintiff.

*Lawrence* and *Mason*, for the defendant.

*By the court.* It is clear, that in this case, if Tilton were dead, the plea of the defendant, in its present shape, could not be received. The words of the statute are express. The creditor being alive, the debtor is permitted to sustain his plea by his own oath, unless the creditor will, upon his oath, deny the usury. And when the creditor is *non compos mentis*, we think the case stands on the same ground as if he were dead.

The averment in the plea, that the creditor is alive, may be proved by the oath of the defendant. We have

so decided in this case. And we are of opinion, that a replication stating the creditor's want of capacity to testify, may be sustained by the oath of the plaintiff.