### W. Olcott *versus* Ziba Alden.

Where, in an action upon a note, brought in the name of an endorsee, the defendant pleads usury and tenders his own oath—it is no answer to the plea that the payee is out of the state, in parts unknown to the plaintiff, so that he cannot be produced to make oath to a replication.

In a plea of usury, where the defendant tenders his own oath, it is not necessary to set out the corrupt agreement at large. But, in general, it is enough to allege, that the illegal interest was taken, or secured, under a corrupt agreement to give day of payment of money for which the action is brought, the amount of the illegal interest taken or secured, and the sum that is lawfully due under the contract.

Assumpsit on a note, for $692, dated 25th April, 1832, made by the defendant, and payable to Isaac Dole, or order, on demand with interest, and by Dole endorsed to the plaintiff.

The defendant, in his plea, alleged in substance, that Dole, the endorser of the note, in this suit, on the 25th April, 1832, at Lebanon, held three promissory notes, which had been made by the defendant, for three sums of money mentioned in the same notes, on which notes there was then justly due, to the said Dole, the sum of $883,-81 ; and that " it was then and there corruptly agreed, by and between the said Isaac Dole and the said defendant, that the said defendant should pay and secure, to the said Isaac Dole, the sum of $103,19, over and above the said sum of $883,81, the sum lawfully due on said notes as aforesaid, for the forbearance and giving day of payment of the moneys in said notes mentioned ; and that, in pursuance of said corrupt and unlawful agreement," the defendant, then and there, paid to Dole $300 in money, and gave him the note now in suit.

The defendant then alleged, that Dole was alive and offered to verify his plea by his own oath, and prayed a deduction of $324,57 from the sum lawfully due on the note.

To this plea the plaintiff replied, that of the matters alleged in the plea he had no knowledge, and that, since the note was endorsed to the plaintiff, and before the commencement of this suit, Dole left the state, and has ever since remained out of the state in parts to the plaintiff unknown, so that he cannot be produced to make oath to a replication to said plea, and this the plaintiff offered to verify by his own oath, and he prayed judgment for his full damages and costs.

To this there was a general demurrer and joinder in demurrer.

*Blaisdell*, for the plaintiff.

*Bell*, for the defendant.

RICHARDSON, C. J. delivered the opinion of the court.

It is a good answer to a plea like this, that the note was *bona fide*, transferred to the plaintiff, before it was discredited, for a good consideration, without notice of any usury in it.   3 N. H. Rep. 119, *Forbes* v. *Marsh.*

So it is a good answer to such a plea that the payee is dead or insane.   5 N. H. Rep. 556, *Plumer* v. *Drake.*

But in this case it is only alleged that the payee is out of the state, in parts unknown to the plaintiff.   There is no allegation, on the part of the plaintiff, that he is the *bona fide* holder of the note, for a full consideration, by him paid, without notice of the usury.   Notwithstanding any thing which appears in this case, Dole may still be the owner of the note and the suit be brought in the name of this plaintiff for Dole's benefit.   For this reason the replication must be adjudged insufficient, unless the plea is also defective.

We must then examine the plea.

In pleas of this kind it is not necessary to set out the corrupt agreement particularly, but it must be alleged that the excess was reserved, or received under a corrupt agreement in order to bring the case within the statute.   3 N. H. Rep. 116, *Copeland* v. *Jones.*

Whenever the defendant prays a deduction of three times the amount of the unlawful interest, he must show in his plea how the money sued for is connected with the unlawful interest. For the deduction can be made only from the money on which the unlawful interest has been reserved, or from the interest of that money. 3 N. H. Rep. 185, *Gibson* v. *Stearns*.

He must also state the amount of the unlawful interest reserved or taken.

And enough must be stated, in the plea, to enable the court to find what sum is lawfully due on the contract sued. For as the deduction is to be made from that sum, until that sum is ascertained, it cannot be known what judgment ought to be rendered.

In this case it is alleged that the sum of $108,19 above lawful interest, has been received under a corrupt agreement, for the forbearance of the money sued for in this case. The plea admits that the amount of the note and interest is lawfully due, and from that sum the deduction, if any, is to be made.

If the plea is true, there seems to be no doubt that the deduction for which the defendant contends, ought to be made.