## TAPPAN *vs.* PRESCOTT & a.

Usury, where three times the amount of the usury taken does not extend to the whole amount of the demand sued, should not be pleaded in bar; but the plea should pray a deduction of three times the amount, from the sum lawfully due.

If there are several defendants, and all answer to the action, and intend to avail themselves of a plea of usury, all should regularly join in the plea, although it may perhaps be verified by the oath of one alone. But if one is defaulted, another may plead usury, and the party who is defaulted have the benefit of the defence.

In pleading usury, where more than one sum has been taken, over and above lawful interest, on the same loan, there should not be a plea of usury for each sum so taken, but the whole amount of the usury should be stated in a single plea.—Whether double pleading is allowable under the statute, *quere.*

The sum taken as usury should be specifically stated in the plea, in order that the court may see what sum is to be deducted, if the defendant prevails.

ASSUMPSIT, upon a promissory note dated May 10, 1837,

Tappan
*vs.*
Prescott & a.

for the sum of $250, payable to one Lewis Perry, or order, and by him endorsed to the plaintiff.

The defendant, Prescott, filed two pleas of usury. The first plea alleged that the plaintiff ought not to have and maintain his said action thereof against the said Prescott, Gove & Tyler, because, on the day of the making the note in the plaintiff's declaration mentioned, to wit., May 10, 1837, it was corruptly agreed between Prescott and Lewis Perry, the payee, who is now alive, that Perry "should lend 'and advance to Prescott the sum of two hundred and forty 'dollars, and that for said sum of two hundred and forty 'dollars, and for forbearing and giving day of payment of 'the same, Prescott should pay to Perry the sum of two hun- 'dred and fifty dollars, and lawful interest for the same till 'paid ; and that the said note was then and there made by 'said Prescott, Gove & Tyler, and received and accepted by 'said Perry, in pursuance of said corrupt agreement." The plea then averred, that in and by the note, Perry took, reserved and secured the sum of ten dollars, and lawful interest thereon, above and more than after the rate of six pounds for forbearance, &c., which Prescott offered to verify by his oath. Wherefore he prayed a deduction from the sum due, equal to three times the said sum of ten dollars, and lawful interest thereon, so illegally taken, &c.

In the second plea Prescott alleged that the plaintiff ought not to maintain his action against him, because on the first day of October, 1837, there was justly due to the plaintiff on the note the sum of $240, and lawful interest thereon from the date of said note, and no more ; and that it was then corruptly agreed between Perry, who is still alive, and Prescott, that the latter, for forbearing and giving day of payment of said sum of $240, and lawful interest thereon, as aforesaid, should pay to Perry the sum of ten dollars, over and above the lawful interest secured in and by said note. The plea then averred that in pursuance of said corrupt agreement, Perry did then and there take, accept and receive

of Prescott another and further sum of ten dollars, above the rate of six pounds, &c. Wherefore he prayed that in the rendition of judgment " a further sum, equal to three times the last mentioned sum of ten dollars," might be deducted, &c.

The plaintiff demurred, and assigned for cause of demurrer, 1. That said pleas are improperly pleaded in bar. 2. That all the defendants do not join in the pleas, or offer to make oath to them. 3. That there should be only one plea.

*Tappan*, for the plaintiff.

*S. D. Bell*, for the defendants.

PARKER, C. J. It is said, in 3 *N. H. R.* 117, *Copeland* vs. *Jones*, that there is in truth nothing but a fancied analogy between pleadings under the statute of usury, and the ordinary pleadings in actions, and that a plea of usury has less resemblance in fact to a plea in bar, than to a declaration in which a violation of the statute is alleged, and the penalty demanded. Still it has been the uniform practice to give to the plea the shape of an answer, in whole, or in part, to the demand upon which the declaration is founded ; and the language above cited shows that this is the proper course. In such case the penalty is demanded in the action brought upon the security alleged to be usurious, and cannot extend beyond the amount of it. If the penalty is less than the amount of the demand sued, the course has been to pray that it may be deducted from the sum due ; and this is evidently proper, because the matter, not being in answer to the whole declaration, should not be set up as an entire defence.

In cases where the penalty exceeds the amount due, as the defence extends to the whole of the plaintiff's claim, it has been decided that it may be pleaded in bar, because the whole debt is forfeited. 3 *N. H. R.* 185, *Gibson* vs. *Stearns*.

However much a plea under the statute may partake of the nature of a declaration, this latter case implies that the forms of pleading are to be regarded, so far as they may be, and that it is incorrect to plead matter, under the statute, in bar, which is an answer to but a part of the plaintiff's action.

The pleas in this case are objectionable in this respect. They commence in bar of the action, but show an answer to part of it only; and although they conclude with a prayer of a deduction, that does not cure the defect. It makes the different parts of them inconsistent with each other. Where a plea begins as an answer to the whole declaration, and is in truth but an answer to part, the whole plea is bad, and the plaintiff may demur. 1 *Chitty's Rep.* 132, *Wilcox* vs. *Newman, and note a.*

The pleas are informal, because all the defendants have not joined, if it be intended that all should make defence. In the first plea Prescott, who pleads, says the suit ought not to be sustained against himself and the others : in the second he pleads that it ought not to be sustained against himself. The other defendants not having pleaded, a default as to them should be entered. It does not seem to be necessary that they should make a defence. If in such case the plaintiff could not maintain his action against Prescott, he might not be entitled to judgment against any of the defendants. 3 *N. H. R.* 115, *Ames* vs. *Withington.* But here, if the defence set up by this defendant prevails, the plaintiff will still be entitled to judgment against him, and of course against the others. They have not asked any deduction, nor alleged that there is any cause for deducting any thing from the amount due from them ; but if Prescott had entitled himself to a deduction, probably they must have had the benefit of it. There would seem to be no ground for more than one judgment in such case. The statute, it is true, says if the debtor or debtors shall swear, &c. But the right of one to plead and verify his plea by his oath, is not dependent

upon the consent of the others, or upon their joining in the verification.

Had all the defendants joined in the plea, it might have been verified by the oath of one, if it appeared that the facts were within his knowledge alone. In *Hall* vs. *Burt, Cheshire, July term*, 1836, the replication was verified by the original payee, who was not a party to the record, the note having been endorsed.

The next exception is also well taken. It is questionable whether double pleading ought to be allowed in such cases, where there is but a single demand in suit. It has been practiced in some cases, in which the defendant has in one plea set out a single usurious contract, and in another several usurious contracts in relation to the same loan, but there can be but one deduction from the sum due the plaintiff on any single note sued. If double pleas are allowed, each plea should contain the full defence that the party intends to make, if that plea be sustained. If the declaration contained several counts on different notes, there might perhaps well be pleas to each count, and different deductions from the several demands. Each of the pleas in this case prays a deduction of $30, one on account of the sum of $10 included in the note at the time it was given, and the other on account of another sum of $10, taken for forbearance afterwards. They are in the nature of two pleas to two separate parts of the plaintiff's entire demand, when the whole matter might be comprised in one plea, and a deduction prayed for the whole together. Perhaps the defendant intended, by both pleas, to allege the taking of but one sum of $10 beyond the lawful interest; but that certainly is not to be inferred from the pleas as they stand,—for the first plea alleges that the sum of $10, and interest on it, was secured in the note itself, and the second that another and further sum of $10 was received and taken.

The first plea is further objectionable, because it states that the $10 included in the note, with lawful interest

thereon, was reserved and secured for giving day of payment; and the prayer is that three times the amount of the $10, and lawful interest taken and secured, may be deducted. The sum taken as usury should be specifically stated, in order that the court may see what sum is to be deducted, in case the creditor refuses to swear. If in fact the $10, and interest on it, was secured for the forbearance of the $140, the amount should be computed, and the whole sum received stated. 3 *N. H. R.* 118, *Copeland* vs. *Jones.* But in point of fact in this case it would seem probable that the $10 only was secured for the forbearance of the $140; and the interest on that $10 is to be regarded as for the forbearance of that. Such is believed to have been the construction where the usury has been secured in the note.

*Judgment for the plaintiff.*