## BRIGGS & a. *vs.* SHOLES.

A plaintiff cannot have judgment on motion, in a case where a plea has been filed by the defendant, which, even though bad in form or substance, does not admit the plaintiff's case.

The practice in such case is, either to move to set it aside, or to answer it by demurrer or otherwise.

In a writ of entry on a mortgage, the defendant has a right to the triple deduction, allowed by statute, from the whole sum due, and the conditional judgment must be for the balance only.

That this may be done, it is not necessary that, in any case, the action should appear by the declaration to be upon a mortgage.

Whether it might not be done on a trial under the general issue, *quære*?

The plea of usury is, by the statute of this State, a formal plea, though not required by statute to be so.

In a writ of entry, founded on a mortgage, if the declaration be general in form, a suggestion that it is on a mortgage, and that a conditional judgment only should be entered, may be filed in any stage of the proceedings, whether before or after verdict.

But where the defence of usury is also relied on, it should be made a separate plea from the suggestion or plea as to the conditional judgment.

Whether, on a plea of usury, any additional deduction could be made on account of interest, either simple or compound, upon the usurious sum paid by the defendant, *quære*?

WRIT OF ENTRY, to recover possession of a tract of land in Claremont.

The demandants counted upon their own seizin in fee, and upon a disseizin by the tenant.

The tenant filed an answer, or plea, setting forth, in the first place, that the plaintiffs' writ of entry was founded on a mortgage deed, executed by the defendant to one Alexander Perkins, dated April 10, 1821, to secure the payment of a certain note of that date for $1150, in two years, with interest annually ; which note and mortgage, on December 31st, 1828, became the property of James H. Bingham by assignment, and February 11, 1841, was transferred to the plaintiffs as collateral security for their liability for Bingham. The plea then proceeded, "and now the said Sholes comes

and defends, &c., when, &c., and for plea says that the judgment on said action ought to be a conditional judgment as of mortgage, and that the plaintiffs ought not to have judgment for the full amount of said note specified in said mortgage, because, he says, the note being a discredited note when taken by the plaintiffs; that on the 31st day of December, 1828, there was due on said note, including the interest thereon, the sum of $1224.69; and it was then and there, at said Claremont, corruptly, and against the form of the statute in such case made and provided, agreed by and between the said Sholes and the said Bingham, (the said Bingham being now alive,) that the said Bingham should forbear and give day of payment on the said sum of $1224.69, and the said Sholes should pay the said Bingham the sum of $36.74 each and every year so long as the said Bingham should forbear and give day of payment, and the interest on the same to be computed annually, which said sum of $36.74 is over and above the legal interest on said sum of $1224.69," &c., &c., "and that in pursuance of such corrupt agreement the said Bingham did forbear and give day of payment on said sum of $1224.69 from the aforesaid 31st day of December, 1828, to the 20th day of December, 1839, when the said Sholes did then and there, at said Claremont, allow and pay to the said Bingham the sum of $581.44, being the annual sums of $36.74, with compound interest thereon," &c., &c. Whereupon the defendant prayed that, in the rendition of judgment, a sum equal to three times the said sum of $581.44, and the lawful interest thereon, might be deducted from the amount justly due on said note.

The demandants moved for judgment, contending that they were entitled to a writ of possession, and that the answer could not be received, and contained nothing which they were bound to notice or reply to. They also suggested that if the mortgage mentioned in the answer is not foreclosed, it appears by the note that, after making the deductions on account of the usury supposed in the answer, there

still remains a large sum due upon the note secured by the mortgage.

*Cushing*, for the demandants. 1. The matters set forth in the suggestion of the tenant are insufficient. There is no allegation that the mortage is not foreclosed.

2. The conditional judgment can only be rendered when the action is brought for the forfeiture of land. The fact of forfeiture should appear on the record, either by admission in the pleadings, or by verdict. Such is the familiar practice in both New-Hampshire and Massachusetts. *Jackson on Real Actions* 50 ; *Ditto* 15 ; 1 *N. H. Rep.* 169, *Brown* vs. *Cram.*

The New-Hampshire statute of February 9, 1791, § 16, seems to be in imitation of that of Massachusetts, 1785, ch. 22 ; but the phraseology is somewhat different, and it was doubtful if our courts would follow the construction given to it in Massachusetts, viz : that the mortgagee might have a writ in common form, and judgment for immediate possession. After this was settled there, the New-Hampshire Legislature repealed the statute of 1791, and substituted that of January 2, 1829, which is, in the section on this subject, almost an exact copy of that of Massachusetts, 1785, ch. 22. The presumption is very strong that they meant to adopt the Massachusetts construction. *Prov. Laws*, 4 *Geo.* 1, *ch.* 66, *p.* 91 ; *N. H. Laws*, *p.* 63, (*ed. of* 1815 ;) *Ditto*, *p.* 197 ; *Stat.* 1795, *June* 16 ; *Ditto*, *p.* 511, (*ed. of* 1830 ;) *Stat.* 1829, *Jan.* 2 ; *Ditto*, *p.* 486 ; *Stat.* 1829, *July* 3 ; *Rev. Stat. of Mass.*, (*ed. of* 1823,) *vol.* 1, *p.* 199 ; 13 *Mass. R.* 515, *Green* vs. *Kemp.*

3. The demandants ask for the instruction of the court to save their rights. Perhaps there should have been a replication. But the suggestion and the plea should be considered separately, and the latter not considered until the questions arising on the former have been settled. The defence, if any there be, should be on the equity side of the court.

Briggs *v.* Sholes.

*Leland,* for the tenant, cited *N. H. Laws,* (*ed. of* 1830,) *p.* 134; *Stat.* 1832, *Dec.* 28, *p.* 77; 2 *Mass.* 496, *Erskine* vs. *Townsend;* 15 *Mass.* 233, 236, *Warden* vs. *Adams.*

Parker, C. J.   There is nothing on the record to entitle the plaintiffs to move for judgment.

The action is, in form, a common writ of entry, founded upon the plaintiffs' own seizin.   To this the defendant has filed a plea.   If that plea were bad in form and substance, as it does not admit the plaintiffs' right, they cannot ask judgment upon it, but, according to the usual practice, should either have moved to set it aside, or have answered it by demurrer or otherwise.   3 *N. H. Rep.* 116, *Copeland* vs. *Jones; Ditto* 119, *Forbes* vs. *Marsh;* 5 *N. H. Rep.* 151, *Plummer* vs. *Drake; Ditto* 556, *S. C.;* 6 *N. H. Rep.* 516, *Alcott* vs. *Alden;* 9 *N. H. Rep.* 531, 533, *Tappan* vs. *Prescott;* 11 *N. H. Rep.* 66, *Williams* vs. *Little;* 3 *N. H. Rep.* 185, *Gibson* vs. *Stearns.*   The plaintiffs' motion must, therefore, be overruled.   But for the purpose of facilitating the progress of the case, we have considered it farther.

The defence attempted to be set up by the plea, is usury; and, for the purpose of laying a foundation for the defence, there is an introductory part to the plea, alleging that the plaintiffs' action is founded upon a certain mortgage deed executed by the defendant, the title under which has passed to the plaintiffs by assignment of the mortgage.   If the fact be that the defendant is sued upon a mortgage for the payment of money, he is entitled by statute to come into court and allege usury in his defence, for the purpose of procuring the deduction of three times the amount unlawfully taken or received, from the sum lawfully due; and the court are bound, upon the proper verification of the fact, in entering np the conditional judgment, to make the requisite deduction.

Is the defendant sued upon a mortgage?   The plaintiffs' declaration does not show the fact, but the defendant alleges

the fact to be so, and there is nothing in the declaration or other proceedings to negative it. The suit may be founded upon a mortgage, and that may be the plaintiffs' only title, although it does not so appear on the face of the declaration. Formerly it seems to have been held in Massachusetts that upon condition broken the mortgagee might maintain a writ of entry generally ; but that after condition broken he must declare specially, or, if he did not, he might be defeated by plea. 2 *Mass. R.* 493, 496, *Erskine* vs. *Townsend.* But this doctrine is overruled, 13 *Mass. R.* 515, 519, *Grew* vs. *Kemp,* and the mortgagee, or his assignee, is now allowed to bring a general writ of entry, counting on his own seizin. This is the common mode. But the form of declaring by a general instead of a special count, cannot oust the defendant of his rights. If, on a special declaration upon a mortgage, he would have been entitled to have a conditional judgment entered, he has the same right upon the general count. The only question would be as to the mode of reaching the case. This might be done, perhaps, by pleading the general issue, putting the plaintiff to show his title, and, when it appeared that it was by mortgage, confessing the breach of the condition, and moving for the entry of a conditional judgment. Perhaps the same course might be allowed if the defence were usury, although it would be less in accordance with ordinary rules, as the defence of usury is, according to our practice, made by a formal plea, although the statute does not require it to be made in that form. In *Bickford* vs. *Daniels,* 2 *N. H. Rep.* 71, it is held that when the demandant does not count upon a mortgage, " the tenant, after default or verdict, may plead in bar, or, as we usually term it, file a suggestion, against any other judgment than one as of mortgage, averring that the title of the demandant is only by a mortgage. This the demandant may admit by a demurrer, or deny by taking issue on the facts averred ; and in the latter case the issue can be tried by a jury, and the question settled with perfect facility on common law principles."

p. 73.   The abstract of the case does not confine the filing of the plea or suggestion to a time subsequent to the verdict or default, nor does there seem to be any good reason why the practice may not be admitted at a prior stage of the proceedings ; as, for instance, in this case, where, the defence being usury, it should according to the ordinary course be made before a default or verdict.

It would seem, however, that this suggestion, or plea, in point of form should be separate and distinct from the plea of usury, instead of being set forth by way of introduction or inducement to it, as in this case ; because, if the fact be otherwise, the plaintiff may traverse the allegation and raise an issue upon it.   2 *N. H. Rep.* 71, *Bickford* vs. *Daniels.* And of course he would be entitled to move to set aside the plea, if the fact is found against the allegation that his action is upon a mortgage.

Another course might be, however, to permit the demandant to deny the allegation that he claimed by mortgage, and upon that denial to set aside the plea as a matter of course, and then estop the plaintiff by his denial from setting up a mortgage title on the general issue, if the defendant saw fit to file that plea.

But it may be well for the defendant in this case to con-sider whether, before any farther proceedings are had, he will not move to amend his plea.   There is an error in moving for a deduction of three times the amount of the sum of $581.44, *and interest on it.*   There is no pretence for deducting any thing on account of interest upon usury paid by the party.   If this imperfection being in the prayer for judgment may be overlooked, (3 *N. H. Rep.* 185, *Gibson* vs. *Stearns ;* 4 *East* 502, *LeBret* vs. *Papillon,*) it may deserve consideration whether the allegation that the defendant paid, and Bingham accepted, the sum of $581.44 over and above the legal interest, for forbearance of the principal sum of $1224.69, is in accordance with the other facts stated.   The plea states in effect that this sum of $581.44 was made up

of the annual sums of $36.74, *with compound interest there-on.* It appears at present as if, under the agreement stated, the annual sum of $36.74 must be regarded as the usury paid for forbearance of the principal, and as if the compound interest on those annual sums of $36.74 was received for their forbearance. If this be so, the question might arise whether that state of facts would support the allegation, or whether the defendant upon any averments could entitle himself to a deduction of three times the amount of the compound interest upon the usury which he paid along with the usury.

*Plaintiffs' motion overruled.*