## TAPPAN *vs.* SABIN.

Under the act of 1791, "to restrain the taking of unlawful interest," a plea of usury must state that the excess of interest was received upon a corrupt agreement; otherwise it will be bad upon demurrer.

ASSUMPSIT upon a promissory note.

The defendant pleaded that the plaintiff ought not to maintain his action for the recovery of the amount due on the note, because he had at divers times taken and received of the defendant, for the loan and forbearance of the sum mentioned in the note, more than at the rate of six pounds in the hundred pounds by the year, to wit, the sum of $1.35 for the loan and forbearance of $90, for one year, to wit, at Claremont aforesaid, on the 13th day of July, A. D. 1840, and on the 9th day of August, A. D. 1841, and on the 12th day of July, A. D. 1842; and this he was ready to verify, wherefore he prayed a deduction, &c. &c.

To this plea the plaintiff demurred, and assigned for cause that it did not state any corrupt bargain or agreement for the forbearance and giving day of payment of said sum of ninety dollars.

*Freeman*, for the defendant.

*Leland*, for the plaintiff. The act provides, *N. H. Laws* 134, (*Ed. of* 1830,) that " every person or persons who shall hereafter, upon any contract, take, accept and receive, by way or means of any *corrupt bargain, loan, exchange*," &c. shall forfeit, &c.

To bring a plea within the statute, " it is necessary to state in the plea that the excess was received upon a *corrupt agreement*." This is not done in this plea. 3 *N. H. Rep.* 116, *Copeland* vs. *Jones;* 6 *Ditto* 516, *Olcott* vs. *Alden.*

The statute requires that " any sum given, secured, or taken, for the forbearing or giving day of payment," &c. must be in pursuance of such corrupt bargain to work a forfeiture, &c.

The plea should set forth that the sum of $1.35 was taken in pursuance of a corrupt agreement.

This is a statutory plea, and every plea upon this statute should contain the requisite substance of the statute creating the penalty; and when the suit is on an indorsed note, it must be alleged that the creditor is alive. 5 *N. H. Rep.* 151, *Plummer* vs. *Drake; Ditto* 323.

It should allege that the illegal interest was taken under a corrupt agreement to give day of payment. 6 *N. H. Rep.* 516.

It should allege the amount of illegal interest, and the sum lawfully due. *Ibid.*

This plea does not set forth with sufficient certainty the amount taken; whether the sum of $1.35 was taken for one year only, or for the various times set forth in said plea. It should allege that so much was taken on such a day, in pursuance of the corrupt agreement, for the forbearance and giving day of payment from such a time to such a time; and so much on such a day, without specifying the time of forbearance, is therefore bad.

It does not allege whether the sum of $1.35 was taken for the forbearance of one year, or whether that was the whole amount taken for all the years.

It does not allege that the $1.35 was taken for the forbearance and giving day of payment of the same note, but it says, " for the loan and forbearance of the sum of $90 for one year ;" but what $90 it does not state. It should connect the same with the note sued, or it is bad. 6 *N. H. Rep.* 516–518, *Olcott* vs. *Alden.*

GILCHRIST, J. The law in force when the usury in this case is alleged to have been received, was the act of 1791; *N. H. Laws* 133, (*Ed. of* 1830;) as the Revised Statutes did not take effect until the 1st day of March, 1843. Under that act it is necessary to state in the plea that the excess was received upon a corrupt agreement, in order to bring the case within the statute. *Copeland* vs. *Jones,* 3 *N. H. Rep.* 116 ; *Olcott* vs. *Alden,* 6 *N. H. Rep.* 516. The plea in this case contains no allegation of any corrupt agreement, and for this reason it is defective. The demurrer is well taken, and upon it there must be

*Judgment for the plaintiff.*