## McDANIEL v. CATER.

If a plea admitting a demandant to be seized *in fee and in mortgage*, tenders an issue upon the point, that the demandant is not seized as of fee and right, such issue is immaterial.

Upon an immaterial issue leave may be given to amend or replead, upon terms.

Upon a count in a real action alleging a seizin in fee generally, the tenant may plead, that the demandant is seized in mortgage, and pray the conditional judgment.

---

McDaniel v. Cater.

---

Any person in possession may plead such plea, whether he has the rights of the mortgagor or not.

In one real action, two judgments, one absolute and the other conditional, cannot be entered.

WRIT OF ENTRY, in which the demandant counted upon his own seizin as of fee and right, &c., in the usual form.

The tenant filed a plea and confession in the following form : "And the said J. C. comes and defends, &c., and confesses, that the plaintiff is seized of the whole of the demanded premises with the appurtenances, in the plaintiff's writ and declaration aforesaid mentioned, in his demesne as of mortgage ; and that the plaintiff is seized of one undivided half of said demanded premises in his demesne as of fee and right ; and that the plaintiff is entitled to have and recover judgment of the whole of said demanded premises as of mortgage, and is entitled to have and recover judgment as of fee and mortgage of one undivided half of said demanded premises ; and as to the other undivided half of said demanded premises, the plaintiff is not entitled to have or recover judgment for the same as of fee, because the said Cater says, that the plaintiff is not and never has been seized of more than one undivided half of said demanded premises as of fee and right, as the plaintiff has in said writ and declaration alleged, and of this puts himself on the country." And on this, issue was joined.

On the trial, it was admitted, that the demandant was entitled to recover the whole demanded premises by virtue of a mortgage in fee. And the court ruled that this evidence was sufficient to maintain the issue for the demandant.

The tenant moved to set aside the verdict returned for the demandant.

*Hobbs* and *Wiggins*, for the tenant.

*Christie* and *Wells*, for the demandant, cited *Partridge* v. *Gordon*, 15 Mass. 486 ; *Green* v. *Kemp*, 13 Ib. 515.

BELL, J. As we understand the law and practice to be here, in actions brought by the mortgagee to recover the possession of

McDaniel *v.* Cater.

mortgaged property, the mortgagee has his election to count generally upon his own seizin in his demesne as of fee, without any mention of the mortgage, or allusion to it, either before or after the condition is broken; and if the tenant suffers a default, or pleads such plea as does not bring the mortgage to the notice of the court, so that the conditional judgment may be entered, the usual common-law judgment is entered, and the tenant, if there is any disagreement relative to a redemption, or as to the amount due, will be driven to his petition to the court, or his bill in equity. But if the mortgagee commences his action, counting upon the mortgage deed with a *profert*, or upon a seizin in fee and in mortgage, there can be no judgment entered for the demandant, but the conditional judgment prescribed by the statute. So in an action founded on an alleged seizin in fee generally, if the tenant confesses the demandant's seizin in fee and in mortgage and denies any seizin except in mortgage, or if he pleads that the plaintiff is seized in mortgage and not otherwise, and judgment is entered on such confession, or the issue is found for the tenant on such plea, none but a conditional judgment can be entered. *Bickford* v. *Daniels*, 2 N. H. Rep. 71.

In this case we infer, that the design of the tenant was to confess, that the demandant was seized of one undivided half of the demanded premises as of fee and right, as set forth in his declaration, and that he was justly entitled to recover the same; and as to the other undivided half of said premises, that the demandant was seized of the same as of fee and in mortgage, and was entitled to recover a conditional judgment therefor. And then, as to the last mentioned half, to plead, that the demandant ought not to maintain his action to recover any other than such conditional judgment, because the demandant was not, at the commencement of the suit, seized of any estate or interest therein, except of an estate in fee and in mortgage, concluding with a verification, and prayer of judgment, if the plaintiff should maintain his action, except to recover such conditional judgment. It seems to us, that this was substantially the idea of the counsel who drew the pleading in this case; but it is apparent, that his plea does not put in issue the true point between the parties.

19 *

The plea must be, 'in substance, not a modified general issue, denying that the demandant was seized in his demesne as of fee and right, as is attempted to be done here ; because a mortgagee in fee is seized in his demesne as of fee and right, equally as he would be if his estate was unqualified and unconditional ; but a special plea, admitting that the plaintiff is seized, as he alleges, in his demesne as of fee and right, and avoiding the effect of it by the assertion of a new and distinct fact, to wit, that the demandant's alleged estate and seizin in fee is subject to a condition, which makes it a mortgage, and which entitles the demandant to a conditional judgment only.

Here, upon the whole of the tenant's pleading, it is apparent, that the issue which he has tendered, is upon a point wholly immaterial in the case, and the verdict should therefore be set aside, and leave given to the tenant to plead anew.

Where the whole of the demanded premises is in the same situation, as if the whole is subject to the same mortgage, there is no difficulty in allowing such amendment. In this case, a portion of the property only is alleged to belong to the demandant by a mortgage title, his title being admitted to be absolute, to the rest. But two subject-matters, which do not admit of the same judgment, cannot be joined. Two distinct judgments cannot be rendered in the same action between the same parties. If the tenant should succeed in supporting his plea, upon an amendment being made, the effect must be, that no judgment can be rendered for the demandant for more than half the premises, and probably the judgment must be arrested. This may render it proper that the demandant should be also permitted to amend.

The Court have examined the cases in the Massachusetts Reports, cited by the demandant's counsel. They show, that in that State, no person can insist that the conditional judgment shall be rendered in a real action but the mortgagor, or those who claim under him, and have a right to redeem. But in this State, the law has been long held to be otherwise, as is apparent from the case of *Bickford* v. *Daniels,* 2 N. H. Rep. 71, and *Briggs* v. *Sholes,* 14 N. H. Rep. 262.

*Verdict set aside. Leave to amend, on terms.*